OPINION
{¶ 1} Appellants, E. Paul Jones ("Jones") and Deborah Jones-Williams ("Jones-Williams") (collectively "appellants"), appeal from the June 13, 2005 judgment entry of the Franklin County Court of Common Pleas, by which the court granted an application to confirm arbitration awards filed by appellee, MBNA America Bank, N.A. Appellants argue that the trial court erred in confirming the awards. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In 1989, appellants applied for and obtained a credit card account with MBNA. Jones also opened a separate, individual signature loan account. In February 2001, if not earlier, MBNA modified the cardholder agreement governing the use of the credit accounts to include a mandatory arbitration clause. Appellants claim that they were never made aware of the arbitration provision, never saw the provision, and never assented to its validity. However, appellants continued to use and/or hold a balance on the pertinent accounts. The continued use or affiliation with MBNA constitutes consent to the terms of the cardholder agreement, including the mandatory arbitration provision.
 {¶ 3} By 2003, both accounts listed outstanding balances. In regard to Jones' individual signature account, an account status report, prepared on June 20, 2003, revealed an unpaid balance of $24,989.73. An account status report for the joint credit account, prepared on January 16, 2004, showed an outstanding balance of $25,714.36.
 {¶ 4} Pursuant to the cardholder agreements, MBNA filed claims against appellants with the National Arbitration Forum ("NAF") to collect the amounts due, plus accumulated interest. NAF sent a "Notice of Arbitration" to appellants for each claim. Appellants received the notices on July 1, 2003 and February 5, 2004, respectively. Appellants responded to each notice with letters in which they disputed that they had agreed to arbitration and refused to participate.
 {¶ 5} Regardless, the arbitrations proceeded. On October 21, 2003, an NAF arbitrator issued an award in favor of MBNA in connection with Jones' individual account, in the amount of $24,989.73. Additionally, regarding the joint credit card account, a second NAF arbitrator issued an award in the amount of $28,618.28 in MBNA's favor on April 20, 2004. Appellants responded by sending the NAF a request for an order to reconsider the awards; however, they refused to pay the required filing fee on the grounds that the original arbitration was not agreed to and the resulting award was fictitious.
 {¶ 6} On August 6, 2004, MBNA filed an application to confirm and enforce the arbitration awards in the Franklin County Court of Common Pleas. On November 23, 2004, a duty judge signed a judgment entry granting the application, as there was no form of answer or response in the record as of that date. However, on December 17, 2004, appellants filed a motion to vacate the judgment entry, arguing that service was never perfected and that notice of a hearing was never received.
 {¶ 7} On December 17, 2004, appellants also filed a memorandum contra to MBNA's application to confirm and enforce the arbitration awards. On January 5, 2005, MBNA responded by filing a motion to strike appellants' memorandum. Appellants subsequently filed their memorandum contra to the motion to strike. On April 7, 2005, the court issued a decision and entry granting appellants' motion to vacate the premature judgment entry of November 23, 2004. In the same order, the court set a hearing date of May 26, 2005, for the application to enforce arbitration, at which time the court would also hear the motion to strike.
 {¶ 8} On May 26, 2005, the court heard the parties' arguments regarding the motion to strike and the application to confirm. Counsel for MBNA and appellants, representing themselves pro se, appeared and presented their positions. First, the court overruled MBNA's motion to strike. The court then explained to appellants that the underlying proceeding was not a complaint or lawsuit, but an application authorized as a special statutory remedy for confirming arbitration awards. The court continued to explain that, because appellants did not seek modification of the award or otherwise challenge the validity of the arbitration within the 90 days provided by statute, it held no authority to entertain appellants' arguments or complaints. Ultimately, the court informed appellants that it was required by law to confirm the award. On June 13, 2005, the trial court issued a journal entry, which formally granted MBNA's application to confirm the arbitration awards.
 {¶ 9} Appellants now appeal that judgment, raising the following assignments of error for review:
[I.] The Court erred to the prejudice of Deborah Jones-Williams and E. Paul Jones by allowing an unlicensed, unregistered foreign corporation to maintain an arbitration confirmation and enforcement proceeding.
[II.] The Court erred to the prejudice of Deborah Jones-Williams and E. Paul Jones in allowing the confirmation and enforcement of unlawful fictitious arbitration awards.
 {¶ 10} Ohio law generally favors and encourages arbitration as a fair and efficient alternative to litigation. Accordingly, an assumption of validity attaches to the arbitration proceedings and any resulting award. Endicott v. Johrendt (Apr. 30, 1998), Franklin App. No. 97APE08-1122. Thus, while the Ohio Arbitration Act, codified in R.C. Chapter 2711, does provide the statutory authority to appeal an arbitration award, such judicial review of an arbitrator's decision is quite narrow. A trial court is precluded from evaluating the actual merits of an award and must confine itself to determining whether the appealing party has established that the award is defective in a manner recognized by R.C. Chapter 2711. Motor Wheel Corp. v. Goodyear Tire RubberCo. (1994), 98 Ohio App.3d 45, 51.
 {¶ 11} At the appellate level, the standard of review is further restricted. As the Ohio Supreme Court stated in WarrenEdn. Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170:
* * * R.C. 2711.09 through 2711.14, inclusive, "* * * provide the only procedures for post award attack or support of an arbitration decision. However, an appeal may be taken `from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from a judgment entered upon an award.' But the review is confined to the order. The original arbitration proceedings are not reviewable." * * *
Id. at 173-174. In turn, our review of the trial court's decision confirming arbitration is conducted under an abuse of discretion standard. Thus, we may only reverse upon finding that the trial court acted in an unreasonable, arbitrary or unconscionable manner in rendering its decision. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} As the Ohio Supreme Court noted in Warren, supra, R.C. 2711.09 through 2711.14 provide the exclusive procedures available for post award attack or support of an arbitration award. Pursuant to R.C. 2711.13, "any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award" after the award is issued. However, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest[.]" Id. Reviewing the language of the statute, the Ohio Supreme Court has made its position explicit: "In our view, the language of R.C. 2711.13 is clear, unmistakable and, above all, mandatory." Galion v. Am. Fedn. of State, Cty. Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243 (1995),71 Ohio St.3d 620, 622. "R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11." Id., at paragraph one of the syllabus.
 {¶ 13} There is also a time limitation that must be followed by any party who seeks to confirm an arbitration award. "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award." R.C. 2711.09. The statute continues: "Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and2711.11 of the Revised Code." Id.
 {¶ 14} The language of R.C. 2711.09 is mandatory. If no motion to vacate or modify an award is filed, the court must confirm an arbitration award given a timely motion under R.C.2711.09. In fact, the Ohio Supreme Court stated:
* * * [I]t is thus clear that when a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant this motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown.
Warren, at 174.
 {¶ 15} Based on the foregoing, we find that the trial court did not abuse its discretion in granting MBNA's application to confirm and enforce the arbitration awards. MBNA filed its application on August 6, 2004, well within the one year provided. Appellants never filed a motion to vacate or modify the arbitration award within the three-month period provided in R.C.2711.13. Thus, according to the mandate of the Ohio legislature and the Ohio Supreme Court, the trial court was under an obligation to confirm the award. The trial court appropriately followed that mandate.
 {¶ 16} While appellants may have colorable arguments regarding the underlying arbitration, they failed to bring those arguments to light at the proper time and in the proper manner by filing a motion to vacate or modify the award under R.C. 2711.13
within three months of receiving the awards. As such, neither we nor the trial court before us have the ability to entertain appellants' grievances.
 {¶ 17} Based on the foregoing, we must overrule appellants' assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and French, JJ., concur.