OPINION
{¶ 1} Plaintiffs-appellants, Edward Telle and six Ohio corporations ("appellants"), appeal from a judgment of the Franklin County Court of Common Pleas, which granted the motion of defendant-appellee, the Estate of William Soroka ("appellee"), to modify an arbitrator's award.
 {¶ 2} On August 9, 2005, appellants filed a complaint for an order of arbitration. The complaint alleged that appellant Telle and William Soroka, who was then deceased *Page 2 
and whose interests were represented by appellee, each owned a 50 percent interest in the appellant corporations. The purpose of the proposed arbitration was to resolve a disagreement over the value of those corporations.
 {¶ 3} On April 14, 2006, the trial court issued an order compelling arbitration. The matter proceeded to an arbitration hearing, and the arbitrator issued an award on September 25, 2007. In pertinent part, the award provided:
 [Appellants] shall purchase from [appellee], Estate of William Soroka, all of the shares of the [appellant] corporations for $47,109.00.
 [Appellee] will sell and deliver all stock certificates after receipt of $47,109.00.
 All other claims and counterclaims are decided against the party asserting them.
 {¶ 4} On October 2, 2007, appellee asked the arbitrator to modify the award to correct a computational error. Appellants opposed the modification. On October 23, 2007, the parties were informed that the arbitrator had declined to modify the award.
 {¶ 5} Appellants filed a motion with the trial court to confirm the arbitration award. Appellee moved to modify the award. In its motion to modify, appellee asserted that the arbitrator had expressed his intent to award appellee 50 percent of the net book value of the two companies at issue, and that that 50 percent value totaled $94,218. The final award of $47,109, appellee argued, equaled only 25 percent of the net book value.
 {¶ 6} On March 5, 2008, the trial court denied appellants' motion to confirm the award and granted appellee's motion to modify the award. The court agreed with appellee's assertion that the arbitrator had awarded appellee only 25 percent of the *Page 3 
book value of the companies, despite the arbitrator's expressed intent to award 50 percent to each party based on the accountant's original valuations. The court modified the award to reflect that appellee's actual 50 percent share of the net book value of the two companies at issue totaled $94,218.
 {¶ 7} Appellants filed a timely appeal and present one assignment of error:
 The lower court erred by modifying the arbitration award by finding a "computational error."
 {¶ 8} R.C. 2711.11 provides, in pertinent part, that a court "shall make an order modifying or correcting" an arbitration award if "[t]here was an evident material miscalculation of figures." R.C. 2711.11(A). Upon granting an order to modify an award, "the court must enter judgment in conformity therewith." R.C. 2711.12.
 {¶ 9} Ohio law favors and encourages arbitration. Accordingly, we presume that both the arbitration proceedings and the resulting award are valid. MBNA Am. Bank, N.A. v. Jones, Franklin App. No. 05AP-665,2005-Ohio-6760, ¶ 10, citing Endicott v. Johrendt (Apr. 30, 1998), Franklin App. No. 97APE08-1122. While R.C. Chapter 2711 allows appeals from arbitration awards, "judicial review of an arbitrator's decision is quite narrow." MBNA Am. Bank at ¶ 10. A trial court may not evaluate the actual merits of an award and must limit its review to determining whether the appealing party has established that the award is defective within the confines of R.C. Chapter 2711. Id., citing Motor Wheel Corp.v. Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45, 51.
 {¶ 10} This court has acknowledged that "the standard of review is further restricted" at the appellate level. MBNA Am. Bank at ¶ 11. We must confine our review *Page 4 
to the order. We may not review the original arbitration proceedings.Warren Edn. Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170,173-174.
 {¶ 11} In MBNA Am. Bank, this court also stated: "In turn, our review of the trial court's decision confirming arbitration is conducted under an abuse of discretion standard." Id. at ¶ 11. Under this standard, we will reverse the court's order only if we conclude that the trial court's order was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We acknowledge, however, that other appellate courts have applied a different standard of review and considered "whether the trial court erred as a matter of law in confirming the arbitration award." City of Dayton v. Internatl.Assn. of Firefighters, Montgomery App. No. 21681, 2007-Ohio-1337, ¶ 11, citing Bowden v. Weickert, Sandusky App. No. S-05-009, 2006-Ohio-471, citing Union Twp. Bd. of Trustees v. Frat. Order of Police, Ohio ValleyLodge No. 112, 146 Ohio App.3d 456, 459, 2001-Ohio-8674. Under either standard, we conclude that the trial court did not err in modifying the award at issue here.
 {¶ 12} Two of the three issues before the arbitrator concerned whether the valuations provided by Lee Beall, the accountant for the corporations, were proper. First, the arbitrator considered whether Beall properly adjusted the book value of the corporations to include a 2004 Medicaid audit, and then determined that Beall's adjustment for the audit was not proper. The arbitrator's final conclusion on this issue was that "Beall's original determination of the book values should not be re-calculated to include Medicaid audit estimates." Second, the arbitrator considered whether operating rights should be included as an asset, and then determined that they should be. Upon reaching this conclusion, the court expressly stated that "Beall's original calculations *Page 5 
should be binding as to both parties." And, prior to reaching a third issue, the arbitrator again confirmed that "Beall's original calculations shall serve as the correct valuation under the Agreements."
 {¶ 13} After assigning four of the corporations a book value of $0, the arbitrator stated:
 * * * That leaves Main Street Terrace with a book value of $89,775.00 and Woodstock Care Center with a book value of $4,443.00. The net book value of all of the corporations would total $94,218.00. Thus, the Estate's 50% share has a value of $47,109.00. In order to complete closing, the Claimants will pay the Estate a total of $47,109.00. * * *
 {¶ 14} The problem, appellee asserted to the trial court, is that Beall's original valuation of the two corporations was $188,434, and the $94,218 figure was Beall's reflection of the 50 percent interest held by each party. When the arbitrator reduced $94,218 by 50 percent, he was actually reducing the 50-percent figure.
 {¶ 15} In agreeing with appellee, the trial court considered Beall's testimony, which revealed Beall's original valuations as $179,549 for the Main Street property, $8,885 for the Woodstock property, a total valuation of $188,434, and a half-interest for each party of $94,218. Based on Beall's testimony, the court then changed the purchase price from $47,109 to $94,218.
 {¶ 16} Before this court, appellants do not dispute that Beall's original valuation of the two companies was $188,434 or that a half-interest in those companies would equal $94,218. Nevertheless, they argue that the trial court could only have arrived at these figures by conducting its own factfinding and substituting its own judgment for that of the arbitrator. Even if the arbitrator's order contained a mathematical error, appellants *Page 6 
argue, the trial court had no power to correct it if the error was not apparent from the face of the order.
 {¶ 17} In Robert W. Setterlin Sons v. N. Market Dev. Auth.,Inc. (Dec. 30, 1999), Franklin App. No. 99AP-141, this court considered an appellant's claim that an arbitration award miscalculated the retainage amount owed to the plaintiff. This court declined to find error with the trial court's refusal to make corrections. In reaching that conclusion, this court stated: "Because any error the arbitrator may have made in arriving at the retainage amount is not evident from the face of the award and cannot be corrected without the use of factfinding or judgment on the part of the trial court, we find that plaintiff's requested modification of the retainage amount falls outside the scope of R.C. 2711.11." This court also declined to make changes to the arbitrator's denial of other charges. As to those charges, this court stated: "As with the retainage issue, since any error the arbitrator may have made in denying this item is not evident from the face of the award and cannot be corrected without the trial court engaging in factfinding, we find that plaintiff's requested modification does not fall within the parameters of R.C. 2711.11."
 {¶ 18} The Setterlin court relied on the opinion of the Second District Court of Appeals in Rathweg Ins. Assoc, Inc. v. First Ins.Agency Corp. (Aug. 18, 1992), Montgomery App. No. 13184. InRathweg, the court considered the appellant's argument that a "material miscalculation occurred when the arbitrator used the wrong numbers, i.e., the premiums lost during the period between the Effective Closing Date and the Actual Closing Date." While the court found this argument "superficially attractive," the court was "not persuaded." The court stated: "In having chosen which *Page 7 
figures to use in making the calculation, the arbitrator must have exercised judgment, made findings of fact, and made legal conclusions regarding the proper interpretation of the contract." By whatever means the arbitrator used to determine the amount of the award, "it is not apparent on the face of the award that any miscalculation occurred." The court confirmed: "Any material miscalculation that warrants modification of the award must appear on the face of the award and be of such a nature that it can be corrected without the use of any factfinding, discretion, or judgment."
 {¶ 19} In contrast to these cases, however, the case before us required no additional factfinding. Here, the arbitrator expressed his clear intent to (1) apply Beall's original valuation, and (2) award half of that valuation to appellants. The parties do not dispute, and the evidence confirms, that Beall's original valuation of the two corporations was $188,434. In the face of the arbitrator's evident material miscalculation — that is, his expression of the original valuation as $94,218 — the trial court "modified] and corrected] the award, so as to effect the intent thereof and promote justice between the parties." R.C. 2711.11.
 {¶ 20} The fact that the arbitrator declined to reconsider his award does not change the miscalculation that is evident from the face of the award. Nor does it matter that the arbitrator had the authority to determine the valuation in the first instance. What matters is what the arbitrator intended, as expressed in the award itself. Given the arbitrator's expressed intent to apply Beall's original valuation of the two companies at issue and to award half of that valuation to appellants, combined with the clarity of that original valuation, the trial court did not err in modifying the award. *Page 8 
 {¶ 21} For all these reasons, we overrule appellants' assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 PETREE and TYACK, JJ., concur. *Page 1