[Cite as *Hughes v. Hughes*, 2020-Ohio-4653.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Carl F. Hughes, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 19AP-329 |
| v. | : | (C.P.C. No. 18CV-10344) |
| Martin J. Hughes, III et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 29, 2020

**On brief:** *Zeiger, Tigges & Little LLP, Marion H. Little, Jr.,* and *Christopher J. Hogan*, for appellant. **Argued:** *Christopher J. Hogan.*

**On brief:** *Taft Stettinius & Hollister, LLP, Julia B. Meister, Russell S. Sayre*, and *Philip D. Williamson*, for appellee Martin J. Hughes, III. **Argued:** *Julia B. Meister.*

**On brief:** *James E. Arnold & Associates, LPA, James E. Arnold*, and *Gerhardt A. Gosnell*, for appellee Robin Hughes.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Carl F. Hughes, appeals the judgment of the Franklin County Court of Common Pleas denying appellant's motion to vacate an arbitrator's decision and award finding appellant committed a breach of trust. For the following reasons, we affirm the trial court judgment.

## I. Facts and Procedural History

{¶ 2} Appellant and defendant-appellee, Martin J. Hughes, III ("Martin"), are co-trustees of their late mother's trust, entitled the Natalie A. Hughes 2005 Trust, Amended

and Restated on July 8, 2017 (the "trust"). Appellee Robin Hughes ("Robin"), wife of Natalie's deceased son, Paul, serves in a fiduciary capacity for her two children who are named trust beneficiaries.

{¶ 3} Disputes concerning the administration of the trust led both appellant and appellees to submit certain issues to arbitration in accordance with the mandatory arbitration provision of the trust. Specific to this appeal, appellees claimed appellant committed a material breach of trust. The matter proceeded to an arbitration hearing conducted on October 10 and 11, 2018.

{¶ 4} The arbitrator, in a decision dated October 25, 2018, found appellant committed a material breach of trust by putting his own interests ahead of the other beneficiaries of the trust and hindering and delaying the inheritance of the other beneficiaries. In particular, the arbitrator took issue with appellant failing to provide for the payment of the estate taxes or otherwise plan for the payment of taxes and his failure to promptly distribute their mother's interest in Fahey Bank to the other beneficiaries. Specifically, the arbitrator stated:

> [The attorney for the trust] testified that the settlor's overriding intent in her final estate plan was to be "fair" to her beneficiaries. It is clear that Natalie intended for her Fahey Bank shares to be promptly distributed to her beneficiaries as a pre-residuary specific bequest. Carl has refused to carry out this intent.
>
> [The attorney for the trust] testified that, while Natalie was on her deathbed, she made her sons, Martin and Carl promise that they would get along. It is the Arbitrator's opinion that both Martin and Carl—if they ever intended to keep that promise— have long since broken it. But Carl's conduct has been intolerable. His actions, and more appropriately his inactions, to delay the administration of the Trust have been intentional and generally without justification. Carl's own statements and testimony are that he rejects out of hand any proposal by Martin to advance the administration of the Trust, to distribute the Fahey Bank shares, to allow his Co-Trustee to vote the Fahey Bank shares, or to provide any provision for the payment of estate taxes. Further, Carl has pointed to concerns about a lack of liquidity to pay estate taxes, but has expressly refused to contribute any funds from his "own pocket" toward the payment of any estate taxes that may be owed. Nor has Carl proposed any plan or provision for the payment of the estate

taxes. Carl's repeated delays, denials and refusals rise to the level of a breach of trust. This is especially true when combined with his refusal to provide any counter proposal for the payment of estate taxes other than to wait for a final determination from the IRS, which may be as long as five years.

Martin's conduct has been hasty and aggressive, and it is understandable why Carl might be cynical toward Martin. Nevertheless, Martin's conduct has sought to advance the administration of the Trust for the beneficiaries. Carl's has not.

Carl's conduct has been questionable dating back to April 2017 when he obtained an advance of his Fahey inheritance via a dubious "agreement" with his mother. Carl may very well believe that this action and his subsequent actions protect Fahey Bank. But he has fiduciary duty under the Trust to the beneficiaries. That supersedes his duties to the bank. While Carl has enjoyed the privileges and benefits of his inheritance, he has shown no intent to distribute the Fahey Bank shares to the other beneficiaries as the Trust requires, and thus has deprived them of their rights under the Trust. This continued refusal -- even after the proposed plan for liquidity by Martin -- is not for any legitimate Trust purpose but rather to protect his own interest in Fahey Bank. Carl has put his own interests ahead of the other beneficiaries of the Trust and hindered and delayed their inheritance as Natalie intended. This is a material breach of his fiduciary duty.

(Footnotes omitted.)   (Arbitrator's Decision at 11-13.)   As a result, the arbitrator ordered appellant be suspended as trustee pursuant to R.C. 5810.01(B)(6) effective November 1, 2018 for 90 days, during which time Martin would execute a liquidity plan and distributions in accordance with the trust.[1]

{¶ 5}   On December 12, 2018, appellant filed a motion pursuant to R.C. 2711.10 and 2711.13 asking the common pleas court to vacate the arbitrator's award to the extent it found appellant committed a breach of trust and suspended him as co-trustee. In the motion, appellant argued that relief is warranted because the challenged portions of the arbitrator's award are inconsistent with the express language of the trust and the arbitrator ignored

---

[1] The arbitrator noted that, pursuant to an initial stipulation, the parties agreed "any award under this Arbitration shall not abridge any [p]arty's rights under R.C. 2711" notwithstanding Section 13.8 of the trust, which includes a statement that the arbitrator's decision is final and not appealable to any court. (Arbitrator's Decision at 2.)

clearly defined law that requires plain and unambiguous terms of an instrument to be enforced as written without resort to extrinsic evidence. As a result, appellant contended it is necessary to vacate the award to correct a manifest disregard of clearly applicable law. Appellant argued the manifest disregard of the law standard applied since it is recognized under federal law, specifically *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir.2000), and the Tenth District Court of Appeals generally looks to federal case law in applying and construing the Ohio Arbitration Act. Appellant additionally cited two Ninth District Court of Appeals cases that followed federal case law in recognizing the manifest disregard of the law standard.

{¶ 6} On April 26, 2019, the trial court issued a decision and entry denying appellant's motion. The trial court first determined the matter was not moot despite the 90-day suspension having ended because the arbitrator's determination that appellant committed a breach of trust remained in effect. Regarding appellant's arguments on vacating the arbitrator's award, the trial court maintained that R.C. 2711.10 limits judicial review of arbitrations to claims of fraud, corruption, misconduct, an imperfect award or the arbitrator exceeded his authority, and a trial court is precluded from examining the merits of the issues arbitrated. The trial court cited case law emphasizing that no arbitration would be binding if parties could challenge an arbitration decision on the ground that the arbitrator erroneously decided the legal or factual issues. Considering the contentions in appellant's motion, the trial court found appellant essentially disagreed with the arbitrator's interpretation of the trust, which is not a sufficient ground to vacate, modify, or correct an award. Therefore, because appellant failed to allege any ground to vacate the arbitrator's award relating to his breach of trust and suspension, the trial court denied appellant's motion.

{¶ 7} Appellant filed a timely appeal.

## II. Assignment of Error

{¶ 8} Appellant assigns the following sole assignment of error for our review:

> The Trial Court abused its discretion in denying Plaintiff-Appellant Carl F. Hughes' Motion to Vacate Arbitrator's Award Finding That He Committed a Breach of Trust.

**III. Analysis**

{¶ 9}   In his assignment of error, appellant contends the trial court abused its discretion in denying his motion to vacate the arbitrator's award finding he committed a breach of trust. For the following reasons, we disagree.

{¶ 10}   "Public policy in Ohio favors the resolution of labor disputes through arbitration." *Columbus v. Internatl. Assn. of Firefighters, Local 67*, 10th Dist. No. 18AP-486, 2020-Ohio-356, ¶ 12, quoting *Franklin Cty. Sheriff v. Teamsters Local No. 413*, 10th Dist. No. 17AP-717, 2018-Ohio-3684, ¶ 17.   In line with this policy, "[j]udicial review of arbitration awards is limited in order to encourage the resolution of disputes in arbitration." *Id.,* citing *Wright State Univ. v. Fraternal Order of Police*, 2d Dist. No. 2016-CA-35, 2017-Ohio-854, ¶ 12.

{¶ 11}   R.C. 2711.13 permits parties to an arbitration to file a motion in the court of common pleas for an order vacating an award in an arbitration proceeding "as prescribed in [R.C.] 2711.10." R.C. 2711.13. Pursuant to R.C. 2711.10:

> In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
>
> (A) The award was procured by corruption, fraud, or undue means.
>
> (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

{¶ 12}   "When reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Internatl. Assn. of Firefighters, Local 67* at ¶ 14, citing *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty.*

*Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, syllabus. *See also E.W. v. T.W.*, 10th Dist. No. 16AP-88, 2017-Ohio-8504, ¶ 13, quoting *Martin v. Mahr Machine Rebuilding, Inc.*, 11th Dist. No. 2015-L-101, 2017-Ohio-1101, ¶ 4 (" 'Whether the trial court applied the correct legal standard is a legal issue that we review de novo.' ").

{¶ 13} In support of his assignment of error, appellant first contends the trial court failed to apply the correct legal standard in evaluating the motion to vacate. Specifically, appellant maintains the trial court erred in failing to recognize and apply the "manifest disregard of the law" standard as stated by the Sixth Circuit in *Dawahare*, a federal case from 2000 that found the vacation of an arbitration award is required where "the relevant law [is] clearly defined and the arbitrator * * * ha[s] consciously chosen not to apply it." *Id.* at 669. Appellant states that this court in *Dh-Kl Corp. v. Corbin*, 10th Dist. No. 97APE02-206 (Aug. 12, 1997), and more recently the Supreme Court of Ohio in *Portage Cty.*, at ¶ 20, generally recognize that the Ohio Arbitration Act should be construed and applied in a manner consistent with its substantially similar federal counterpart. Appellant further argues this court "substantively considered" such an argument in *Close v. Motorists Mut. Ins. Co.*, 21 Ohio App.3d 228, 231 (10th Dist.1985), and cites to two cases from the Ninth District that recognized the manifest disregard of the law standard. (Appellant's Brief at 15.) Moreover, appellant believes the trial court incorrectly characterized appellant's arguments as a "non-actionable" disagreement with the arbitrator's interpretation of the trust. (Appellant's Brief at 5.)

{¶ 14} Appellees counter that the manifest disregard of the law standard is a judicially created standard under federal case law and not a ground for vacating an arbitration award under R.C. 2711.10 in Ohio. Appellees note federal court decisions construing the Federal Arbitration Act are not binding on this court and, regardless, emphasize that the Supreme Court has determined the grounds listed in R.C. 2711.10 are exhaustive. Appellees argue that this court in *Total Pharm., Inc. v. Oak Hills Manor, LLC*, 10th Dist. No. 10AP-1035, 2011-Ohio-2548, ¶ 1-5, already declined to add a manifest disregard of the law standard to R.C. 2711.10 and additionally cite to Eighth District Court of Appeals decisions that, consistent with the Supreme Court's position, refuse to recognize manifest disregard of the law as a ground to vacate an arbitration award. Appellees note that appellant did not move to vacate the arbitration award for any of the grounds listed in

R.C. 2711.10, and in his briefs appellant did not ask the court to construe R.C. 2711.10 but, instead, asks this court to add a ground to the statute in line with federal case law. Finally, appellees contend that, even if a manifest disregard of the law standard applies, the arbitrator did not manifestly disregard Ohio law in issuing his award, and appellant merely disagrees with the arbitrator's conclusions and desires this court to substitute our judgment for that of the arbitrator.

{¶ 15} For the following reasons, we agree with appellees that reversal is not warranted in this case. First, contrary to appellant's position, federal case law calls the applicability of the manifest disregard of the law standard into doubt. Appellant cites to *Dawahare*, a Sixth Circuit decision issued in 2000, for the proposition that federal courts apply the manifest disregard of the law standard "in addition" to a substantially similar federal statute. *Id.* at 669. However, the Supreme Court of the United States in *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576 (2007), later found that the federal statutes to vacate or modify an arbitration award "compel[] a reading of the [statutory] categories as exclusive" rather than expandable. *Id.* at 586. In doing so, the United States Supreme Court called into doubt the circuit court's reliance on *Wilko v. Swan*, 346 U.S. 427 (1953), as the basis for the manifest disregard of the law doctrine. Last year, the Sixth Circuit Court of Appeals cited *Hall Street* in explaining "the *only* grounds for vacating, modifying, or correcting an arbitration award under the FAA are those that the FAA expressly lists. * * * And that list is narrow." (Emphasis sic.) *PolyOne Corp. v. Westlake Vinyls, Inc.*, 937 F.3d 692, 696 (6th Cir.2019). *PolyOne Corp.* further remarked that the "FAA does not provide for judicial review of an arbitrator's legal conclusion." *Id.* at 697. Therefore, even if appellant is correct in arguing we should look to federal law in determining his present motion to vacate the arbitrator's award, appellant is undermined by more recent federal case law.

{¶ 16} Furthermore, as opposed to the federal cases cited by appellant, Ohio law confines review of a motion to vacate an arbitration award to the grounds listed in R.C. 2711.10. Pursuant to R.C. 2711.13, parties to an arbitration may move to vacate an arbitrator's award but only "*as prescribed in* [*R.C.*] *2711.10.*" (Emphasis added.) Consistent with R.C. 2711.13, the Supreme Court of Ohio has held that "[a]n arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 and on the grounds

enumerated in R.C. 2711.10 and 2711.11. * * * 'The jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited.' " *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, ¶ 10, quoting *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 173 (1985). *See also Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, ¶ 5-6.

{¶ 17} In line with Supreme Court of Ohio precedent, this court has recognized that " '[a] trial court may not evaluate the actual merits of an award and must limit its review to determining whether the appealing party has established that the award is defective within the confines of R.C. Chapter 2711.' " *Champion Chrysler v. Dimension Serv. Corp.*, 10th Dist. No. 17AP-860, 2018-Ohio-5248, ¶ 10, quoting *Telle v. Estate of William Soroka*, 10th Dist. No. 08AP-272, 2008-Ohio-4902, ¶ 9. *See, e.g., Total Pharm., Inc.* at ¶ 4 (finding an assignment of error asserting an arbitration award should be vacated due to the manifest disregard of the law "d[id] not allege that the arbitration or arbitrator violated any of the conditions required for vacating an award from a binding arbitration," and that trial court did not err in following R.C. 2711.10).

{¶ 18} We disagree with appellant that this court's earlier decision in *Close* may have established a different approach from *Champion Chrysler*, *Telle*, or *Total Pharm., Inc.* The relevant text of *Close* reads, in its entirety:

> [Cross-Assignment of Error 2] The trial court erred in failing to find that the two arbitrators were guilty of misbehavior or exceeded their powers, thus prejudicing the rights of appellee by their "manifest disregard" of applicable law.
>
> [3] The trial court erred in failing to find that the award was grossly incorrect and unfair.
>
> In these cross-assignments of error, Close argues that the arbitrators disregarded his argument that Mrs. [C]lose responded to a "sudden emergency" and is, thus, innocent of any comparative negligence. The record, however, does not contain any evidence of the deliberations of the arbitrators, and we cannot impute to them any misbehavior or improper execution of their powers. The general policy in Ohio is to encourage arbitration, and "every reasonable intendment will be indulged." *Campbell v.. Automatic Die & Products Co.* (1954), 162 Ohio St. 321, at 329 [55 O.O. 195].

> Thus, Close's second and third cross-assignments of error are overruled.

*Id.* at 231. *Close* did not expressly adopt a manifest disregard of the law standard. Furthermore, in overruling the assignment of error, *Close* focused on the lack of evidence supporting misbehavior or improper execution of the arbitrators powers—two of the statutory grounds listed in R.C. 2711.10. Therefore, we find *Close* to be consistent with the approach of this court and the Supreme Court of Ohio in confining judicial review of an arbitration award to the grounds listed in R.C. 2711.10.

{¶ 19} In this case, appellant did not argue either to the trial court or on appeal that any of the statutory grounds listed in R.C. 2711.10 support vacating the arbitrator's award. We note that at oral argument appellant raised, for the first time, the argument that the manifest disregard of the law standard is applicable as an aspect of R.C. 2711.10(D), and that the Supreme Court of Ohio in *Goodyear Tire & Rubber Co. v. Local Union No. 220, United Rubber Cork, Linoleum & Plastic Workers of Am.*, 42 Ohio St.2d 516 (1975), could have but did not foreclose the manifest disregard standard applying under R.C. 2711.10(D). However, both to the trial court and on appeal, appellant argued the manifest disregard of the law standard is applicable as stated under federal law that found the standard to be a valid alternative to the grounds listed in the statute (as opposed to a part of R.C. 2711.10(D)). Appellant likewise did not cite to *Goodyear* in his principal appellate brief, and, in his reply brief appellant considered *Goodyear* to be "inapposite." (Appellant's Reply Brief at 6, fn. 2.) "An appellant cannot change the theory of his case and present new arguments for the first time on appeal." *Quaye v. N. Mkt. Dev. Auth.*, 10th Dist. No. 15AP-1102, 2017-Ohio-7412, ¶ 28-29. Neither may a party raise an argument for the first time at oral argument, particularly when the party had ample opportunity to explore such issues in its brief. *Mun. Tax Invest. LLC v. Northup Reinhardt Corp.*, 10th Dist. No. 19AP-26, 2019-Ohio-4867, ¶ 32. As a result, we decline to address appellant's alternative argument presented for the first time on appeal at oral argument.

{¶ 20} Finally, we do not find appellant's citations to the Ninth District cases, *Automated Tracking Sys. v. Great Am. Ins. Co.*, 130 Ohio App.3d 238 (9th Dist.1998), and *Bennett v. Sunnywood Land Dev., Inc.*, 9th Dist. No. 06CA0089-M, 2007-Ohio-2154, persuasive. Both cases were based on the federal case *Merrill Lynch, Pierce, Fenner &*

*Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (1995), which regarded the manifest disregard of the law standard as a separate ground from the statutory categories. Furthermore, both cases were issued prior to *Hall Street* and new Sixth Circuit cases that undermine the continued viability of the manifest disregard standard under federal law. We therefore do not find *Automated Tracking Sys.* or *Bennett* to be determinative in this case.

{¶ 21} Considering all the above, we find appellant has not demonstrated the trial court failed to apply the correct legal standard in reaching its decision to uphold the arbitrator's decision and award. As such, appellant has not met his burden to affirmatively demonstrate the trial court erred in denying appellant's motion to vacate the arbitrator's award finding he committed a breach of trust. *Miller v. Johnson & Angelo*, 10th Dist. No. 01AP-1210, 2002-Ohio-3681, ¶ 2 ("The burden of affirmatively demonstrating error on appeal rests with the [appellant]."); *see also* App.R. 16(A). Because we find appellant failed to show the trial court applied the incorrect legal standard, his derivative argument premised on the proper application of the manifest disregard of the law standard is moot. *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 14.

{¶ 22} Accordingly, we overrule appellant's assignment of error.

**IV. Conclusion**

{¶ 23} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and NELSON, JJ., concur.

———————————