[Cite as *Hughes v. Hughes*, 2020-Ohio-5026.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Carl F. Hughes,                                         :

     Plaintiff-Appellee,                         :                 No. 19AP-865
                                                                                  (C.P.C. No. 19CV-7615)
v.                                                               :

                                                                                  (REGULAR CALENDAR)
Martin J. Hughes, III,                            :

     Defendant-Appellant.                     :

---

D E C I S I O N

Rendered on October 22, 2020

---

**On brief:** *Zeiger, Tigges & Little LLP, Marion H. Little, Jr.,*
and *Christopher J. Hogan,* for appellee. **Argued:**
*Christopher J. Hogan.*

**On brief:** *Taft Stettinius & Hollister LLP, Julia B. Meister,*
*Russell S. Sayre,* and *Aaron M. Herzig,* for appellant.
**Argued:** *Russell S. Sayre.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Martin J. Hughes, III, appeals from a judgment of the
Franklin County Court of Common Pleas granting the application to confirm arbitration
award filed by plaintiff-appellee, Carl F. Hughes. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This case arises from the arbitration award in *Martin J. Hughes, III v. Carl F.*
*Hughes*, JAMS Ref. No. 1345000131.[1] At 11:03 a.m., on September 20, 2019, appellant filed

---

[1] On September 29, 2020, this court issued a decision concerning an appeal arising from a separate
arbitration award also involving appellant and appellee. *See Hughes v. Hughes*, 10th Dist. No. 19AP-329,
2020-Ohio-4653. The dispositive issues in that appeal are unrelated to the dispositive issues in this appeal.

in the Marion County Court of Common Pleas a motion to vacate the award. He accomplished service on appellee's counsel at 4:05 p.m. that afternoon. Three minutes later, appellee filed an application to confirm the same arbitration award in the Franklin County Court of Common Pleas. At 5:33 p.m. that day, appellee notified appellant's counsel of the filing of his application to confirm.

{¶ 3} In October 2019, appellant moved to dismiss appellee's application to confirm the arbitration award in the Franklin County trial court based on the jurisdictional priority rule. Appellant argued that because he invoked the jurisdiction of the Marion County trial court before appellee invoked the jurisdiction of the Franklin County trial court, the Franklin County trial court lacked jurisdiction over appellee's application. On December 9, 2019, and before the Franklin County trial court ruled on appellant's motion to dismiss, the Marion County trial court held a hearing on appellant's motion to vacate the arbitration award. At the hearing, the Marion County trial court rejected appellant's assertion that the arbitrator had exceeded his authority and consequently orally denied his motion to vacate the arbitration award. It filed a judgment entry the next day dismissing the matter with prejudice for the reasons stated at the hearing. On December 18, 2019, appellant appealed from this judgment to the Third District Court of Appeals.

{¶ 4} On December 17, 2019, the day before appellant appealed from the Marion County trial court judgment to the Third District, the Franklin County trial court granted appellee's application to confirm the arbitration award. In granting the application, the Franklin County trial court took notice of the Marion County trial court's final judgment dismissing with prejudice appellant's request to vacate the arbitration award pursuant to R.C. 2711.10. The Franklin County trial court reasoned that because the Marion County trial court had rejected appellant's motion to vacate pursuant to R.C. 2711.10 and no application to modify had been filed under R.C. 2711.11, the court could rule on appellee's application to confirm pursuant to R.C. 2711.09. After stating it was granting appellee's application to confirm, the trial court added: "This Court reaches the same conclusion as the Marion County Court and incorporates Judge Finnegan's opinion as if rewritten herein (See Exhibits A and B)." (Dec. 17, 2019 Order at 2.)

{¶ 5}   Appellant timely appeals.[2]

## II.  Assignments of Error

{¶ 6}   Appellant assigns the following errors for our review:

> [1.] The trial court erred in ruling on Carl's application to confirm the JAMS Award when it lacked subject-matter jurisdiction to do so.

> [2.] The trial court erred in ruling on Carl's application to confirm the JAMS Award before Martin exhausted his appeals regarding his corresponding application to vacate.

> [3.] The trial court below erred in adopting the Marion County court's decision denying Martin's application to vacate the JAMS Award.

## III.  Discussion

{¶ 7}   Because they involve interrelated issues, we address together appellant's first, second, and third assignments of error.  In his first assignment of error, appellant contends the trial court erred in ruling on appellee's application to confirm the arbitration award because it lacked jurisdiction.  Appellant's second assignment of error alleges the trial court erred in ruling on the application to confirm because he had not exhausted the appeals process in the case involving his request to vacate filed in Marion County.  And appellant's third assignment of error asserts the trial court erred in adopting the Marion County trial court's decision denying appellant's application to vacate.  These assignments of error lack merit.

### A.  Judicial Review of Arbitration Award

{¶ 8}   All three assignments of error generally raise the issue of whether the trial court erred in granting appellee's application to confirm the arbitration award.  "Arbitration occurs when disputing parties contractually agree to resolve their conflict by submitting it to a neutral third party for resolution.  It provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening

---

[2] Subsequent to the filing of the merit briefs in this appeal, appellant filed a motion to stay until the resolution of his appeal that was then pending in the Third District.  On October 13, 2020, the Third District affirmed the judgment of the Marion County trial court dismissing appellant's motion to vacate.  *Hughes v. Hughes*, 3d Dist. No. 9-19-88, 2020-Ohio-4882.  Thus, appellant's motion to stay is moot.

crowded court dockets." *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83 (1986). Consequently, Ohio has a well-established public policy that favors arbitration. *State v. Ohio Civ. Serv. Emps. Assn., Local 11 AFSCME AFL-CIO*, 10th Dist. No. 14AP-906, 2016-Ohio-5899, ¶ 12.

{¶ 9} To encourage the resolution of disputes in arbitration, judicial review of arbitration awards is limited. *Franklin Cty. Sheriff v. Teamsters Local No. 413*, 10th Dist. No. 17AP-717, 2018-Ohio-3684, ¶ 17. "R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas." *Galion v. Am. Fedn. of State, Cty. & Mun. Emps., Ohio Council 8, AFL-CIO, Local No. 2243*, 71 Ohio St.3d 620 (1995), paragraph two of the syllabus. Pursuant to R.C. 2711.13, "[a]fter an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." R.C. 2711.13.

{¶ 10} Alternatively, a party may seek judicial confirmation of an arbitration award. Within "one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." R.C. 2711.09. "The language of R.C. 2711.09 is mandatory. If no motion to vacate or modify an award is filed, the court must confirm an arbitration award given a timely motion under R.C. 2711.09." *MBNA Am. Bank, N.A. v. Jones*, 10th Dist. No. 05AP-665, 2005-Ohio-6760, ¶ 14. "Trial courts are not required to conduct hearings before confirming arbitration awards." *Strnad v. Orthohelix Surgical Designs*, 8th Dist. No. 94396, 2010-Ohio-6161, ¶ 37.

{¶ 11} An appellate court's role when reviewing a trial court's determination regarding arbitration is even more limited. "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award." R.C. 2711.15. But "when a court of appeals

reviews a trial court's judgment concerning an arbitration award, the appellate court must confine its review to evaluating the order issued by the trial court pursuant to R.C. Chapter 2711." *Ohio Civ. Serv. Emps. Assn., Local 11 AFSCME AFL-CIO* at ¶ 13. "When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but should review questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, ¶ 2.

### B. Jurisdictional Priority Rule

{¶ 12} Our determination of whether the trial court erred in confirming the arbitration award in this case centers on the applicability of the jurisdictional priority rule. "The jurisdictional priority rule prevents the prosecution of two actions involving the same controversy in two courts of concurrent jurisdiction at the same time." *Davis v. Cowan Sys.*, 8th Dist. No. 83155, 2004-Ohio-515, ¶ 11. Under the jurisdictional priority rule, "[a]s between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279 (1977), syllabus. *See John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga Cty.*, 150 Ohio St. 349 (1948), paragraph three of the syllabus ("When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings.").

{¶ 13} "Generally, it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases, and if the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter." (Internal quotations and citations omitted.) *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393 (1997). The jurisdictional priority rule also applies "when the causes of action, relief requested, and the parties are not exactly the same so long as the actions are part of the same 'whole issue.' " *Triton Servs., Inc. v. Reed*, 12th Dist. No. CA2016-04-028, 2016-Ohio-7838, ¶ 8. "Actions comprise part of the 'whole issue' when: (1) there are cases pending in two different courts of concurrent jurisdiction involving

substantially the same parties; and (2) the 'ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where the suit originally commenced.' " *Instant Win, Ltd. v. Summit Cty. Sheriff*, 9th Dist. No. 20762, 2002-Ohio-1633, ¶ 6, quoting *Michaels Bldg. Co. v. Cardinal Fed. S. & L. Bank*, 54 Ohio App.3d 180, 183 (8th Dist.1988).

### C. Analysis

{¶ 14} Appellant argues the jurisdictional priority rule required the Franklin County trial court to dismiss and thereby effectively deny appellee's application to confirm the arbitration award. We disagree. Under the circumstances of this case, the jurisdictional priority rule did not preclude the trial court from granting appellee's request to confirm the arbitration award.

{¶ 15} In resolving the ultimate issue before us, we first address the threshold issue of whether the jurisdictional priority rule can apply to concurrent judicial review of an arbitration award. Citing *Licking Hts. Local School Dist. Bd. of Edn. v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. No. 12AP-579, 2013-Ohio-3211, appellee argues the jurisdictional priority rule cannot apply to statutory arbitration proceedings initiated pursuant to R.C. Chapter 2711. In *Licking Heights*, this court addressed whether, under the Ohio Rules of Civil Procedure, a motion to confirm an arbitration award pursuant to R.C. 2711.09 was a compulsory counterclaim to another party's motion to vacate the arbitration award pursuant to R.C. 2711.10. This designation was significant because res judicata bars a party from asserting a compulsory counterclaim in a subsequent proceeding. *See Fender v. Miles*, 185 Ohio App.3d 136, 2009-Ohio-6043, ¶ 12 (12th Dist.). As to the compulsory counterclaim issue, this court determined that the civil rules that apply to special proceedings brought pursuant to R.C. 2711.05 et seq. are those pertaining to motions, not pleadings. *Licking Hts.* at ¶ 21. Consequently, this court held that Civ.R. 13(A), which concerns compulsory counterclaims, "does not apply to proceedings on a motion to vacate, modify or correct an arbitration award brought pursuant to R.C. 2711.10," and therefore was not barred by res judicata. *Id.* at ¶ 22, 24.

{¶ 16} Pursuant to *Licking Heights*, the denial of a motion to vacate an arbitration award in one proceeding does not preclude, based on compulsory counterclaim procedural rule requirements, the subsequent filing of an application to confirm the same arbitration

award in a separate proceeding. Appellee deduces from this principle that the jurisdictional priority rule, which would preclude independent proceedings in separate courts, does not apply to these special proceedings. But *Licking Heights* did not involve an application to confirm that was filed in a different county than the request to vacate. Because the requests at issue were filed in the same court, *Licking Heights* did not involve the possible application of the jurisdictional priority rule. Thus, we disagree with appellee's assertion that the reasoning in *Licking Heights* leads to the conclusion that the jurisdictional priority rule cannot apply to arbitration proceedings. Further, our research reveals no case finding the jurisdictional priority rule cannot apply to arbitration proceedings. To the contrary, the jurisdictional priority rule has been applied in the arbitration proceeding context. *See Primesolutions Securities, Inc. v. Winter*, 8th Dist. No. 103961, 2016-Ohio-4708 (finding court whose power was first legally invoked had exclusive jurisdiction to determine "whole issue" of dispute over an arbitration award). *See also State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426 (2001) (based on the uncertainty of whether the proceedings at issue involved the same "whole issue," the court rejected the argument that the jurisdictional priority rule "patently and unambiguously divested" the respondent trial court judge of jurisdiction over an order confirming an arbitration award despite his "basic statutory jurisdiction over" the request pursuant to R.C. 2711.16.). Therefore, we disagree with appellee's contention that the jurisdictional priority rule cannot apply to arbitration proceedings.

{¶ 17} Even though the jurisdictional priority rule can apply in the arbitration proceedings context, in this case, the rule did not preclude the trial court's confirmation of the arbitration award. Analytically, a request to vacate an arbitration award and a request to confirm that award are opposite sides of the same coin. Both requests emanate from the same award but seek opposite relief in relation to that award. Appellee's application to confirm the arbitration award was filed in Franklin County and served on appellant's counsel after appellant's application to vacate was filed in Marion County and served on appellee's counsel. Thus, the Marion County trial court acquired exclusive jurisdiction over the "whole issue," which did not cease until that court entered final judgment. *See John Weenink & Sons Co.*; *Primesolutions Securities, Inc.*, *supra*.

{¶ 18} On December 10, 2019, the Marion County trial court entered final judgment dismissing the matter based on its decision to deny appellant's request for an order vacating the arbitration award. That court's jurisdiction over the matter ended with that entry. *See Geiger v. Morgan Stanley DW, Inc.*, 10th Dist. No. 09AP-608, 2010-Ohio-2850, ¶ 13 (finding that "a trial court's denial of an R.C. 2711.11 motion to modify constitutes a final, appealable order even in the absence of a confirmation of an award rendered by the trial court under R.C. 2711.09"). With the termination of the case in Marion County, there were no longer two proceedings pending in courts of concurrent jurisdiction. A week later, and a day before appellant appealed from the Marion County trial court decision, the Franklin County trial court acknowledged the Marion County trial court proceeding had completed on December 10, 2019. Thus, the Franklin County trial court did not grant appellee's application to confirm the arbitration award until after the Marion County trial court had denied appellant's motion to vacate.

{¶ 19} According to appellant, even though the Marion County trial court's jurisdiction over the case had ended, the Franklin County trial court still could not rule on the application to confirm because he had not exhausted his appeals as to the disposition of the motion to vacate. This argument is unpersuasive. When the Franklin County trial court entered judgment confirming the arbitration award, no case relating to the arbitration award was pending in Marion County or the Third District Court of Appeals. Appellant filed his notice of appeal in Marion County the day after the Franklin County trial court entered judgment. And, even if appellant had appealed from the Marion County trial court judgment before the Franklin County trial court had entered judgment, the Franklin County trial court and the Third District Court of Appeals are not courts of concurrent jurisdiction. *See Wellman v. Salt Creek Valley Bank*, 10th Dist. No. 06AP-177, 2006-Ohio-4718, ¶ 9 ("Franklin County Common Pleas Court and the Fourth District Court of Appeals are not courts of concurrent jurisdiction.").

{¶ 20} Further, our review of whether the Franklin County trial court erred in confirming the arbitration award is confined to the record at the time it rendered judgment. *See Leiby v. Univ. of Akron*, 10th Dist. No. 05AP-1281, 2006-Ohio-2831, ¶ 7 ("appellate review is limited to the record as it existed at the time the trial court rendered judgment"); *State v. Ishmail*, 54 Ohio St.2d 402, 405 (1978), quoting *Bennett v. Dayton Mem. Park &*

*Cemetery Assn.*, 88 Ohio App. 98 (2d Dist.1950), paragraph one of the syllabus (" 'in an appeal on questions of law the reviewing court may consider only that which was considered by the trial court and nothing more' ").  Thus, subsequent proceedings do not affect our review in this appeal of whether the Franklin County trial court erred based on the record before it.[3]

{¶ 21} Lastly, appellant contends the Franklin County trial court erroneously adopted the Marion County trial court's decision denying his application to vacate the arbitration award based on its statement that it "reache[d] the same conclusion as the Marion County Court and incorporates Judge Finnegan's opinion as if rewritten herein (See Exhibits A and B)."  (Dec. 17, 2019 Order at 2.)  This statement indicated the Franklin County trial court's agreement with the Marion County trial court's conclusion that appellant failed to demonstrate the arbitration award must be vacated for a reason set forth in R.C. 2711.10.  But this concurrence had no bearing on the Franklin County trial court's disposition of the application to confirm.  Even though the filing and disposition of the motion to vacate in the Marion County trial court was relevant for the purpose of the Franklin County trial court's disposition of appellee's application to confirm, the substantive merits of a motion to vacate was not before the Franklin County trial court.  No motion to vacate was filed in Franklin County.  Because the Franklin County trial court's opinion as to the Marion County trial court's resolution of appellant's motion to vacate was inconsequential as to its disposition of appellee's motion to confirm, we construe it as dictum.

{¶ 22} In the final analysis, once there were no longer two actions on the same whole issue pending in courts of concurrent jurisdiction, the Franklin County trial court could exercise its jurisdiction over appellee's application to confirm.  At that time, it was required to grant the application to confirm because the arbitration award had not been vacated, modified, or corrected, and no challenge to the arbitration award was pending in any court of common pleas.  *See* R.C. 2711.09; *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18

---

[3] Appellant would not have been without recourse if the Third District had reversed the Marion County trial court's judgment and the arbitration award at issue was vacated. Appellant could have pursued relief under Civ.R. 60(B)(4), which permits a trial court to grant relief from judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated."

Ohio St.3d 170, 174 (1985) ("when a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant this motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown"). Thus, we conclude the trial court properly confirmed the arbitration award.

{¶ 23} For these reasons, we overrule appellant's first, second, and third assignments of error.

## IV. Disposition

{¶ 24} Having overruled all three of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BEATTY BLUNT, JJ., concur.

———————————