[Cite as *Mayne v. Wood*, 2020-Ohio-5629.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Leslie S. Mayne, | : | |
| Plaintiff-Appellant, | : | No. 20AP-311 |
| | | (C.P.C. No. 12JU-6426) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Antonniette J. Wood, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 10, 2020

**On brief:** *Leslie S. Mayne*, pro se. **Argued:** *Leslie S. Mayne.*

**On brief:** *Christopher Smith*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Leslie S. Mayne, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, denying his request for modification of a parental custody award. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In May 2012, Mayne filed a complaint to allocate parental rights. The matter was heard before a magistrate who issued a decision in October 2012. The magistrate designated defendant-appellee, Antonniette J. Wood, the residential parent and legal custodian of the parties' minor child and awarded Mayne supervised visitation. The trial court adopted the magistrate's decision.

{¶ 3}   In August 2019, Mayne filed a motion for change of parental rights and responsibilities pursuant to R.C. 3109.04(E)(1)(a).  Mayne's motion was heard before a magistrate in February 2020.  In March 2020, the magistrate entered a decision denying Mayne's request to change custody.  However, the magistrate modified the prior order because the visitation center previously designated ceased operations in approximately June 2019.  Consequently, the magistrate ordered Mayne's weekly parenting time to be supervised at a different visitation center.  Mayne filed no objections to the magistrate's decision, and the trial court adopted the decision.

{¶ 4}   Mayne timely appeals.

## II.  Assignment of Error

{¶ 5}   Mayne assigns the following error for our review:

> The trial court erred and abused its discretion in dismissing appellant's action denying appellant's [request] for custody.

## III.  Discussion

{¶ 6}   In his sole assignment of error, Mayne contends the trial court erred in denying his request for a modification of the custody award.  This assignment of error is not well-taken.

{¶ 7}   Mayne did not file any objection to the magistrate's decision denying his request.  Civ.R. 53(D)(3)(b)(iv) provides:  "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."  Because Mayne did not object to the magistrate's decision, he waived all but plain error.  In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself.  *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.  This is not one of those extremely rare cases.

{¶ 8}   Here, the magistrate found that Mayne had not carried his evidentiary burden at the hearing on his custody modification motion, and the trial court adopted this finding.  While Mayne generally alleges the trial court erred in denying his request to modify

custody, the appellate record does not contain a transcript of the proceedings in the trial court concerning Mayne's motion. Thus, we have no evidence to review in this appeal. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Therefore, without a transcript of the hearing on Mayne's custody modification motion, we must presume the validity of the trial court's finding that he did not meet his evidentiary burden.

{¶ 9} For these reasons, we overrule Mayne's sole assignment of error.[1]

## IV. Disposition

{¶ 10} Having overruled Mayne's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

--------

[1] In response to Mayne's appeal, Wood has moved for an award of reasonable expenses, including attorney fees and costs, pursuant to App.R. 23. We deny the request.