[Cite as *Community Properties of Ohio Mgt. Servs., L.L.C. v. Patterson*, 2023-Ohio-939.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Community Properties of Ohio, Management Services, LLC, | : | |
| | : | No. 21AP-583 |
| Plaintiff-Appellee, | | (M.C. No. 2021CVG-027177) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Yvonne Patterson, | : | |
| | | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 23, 2023

**On brief:** *The Legal Aid Society of Columbus, James T. Mackey, Courtenay Balvin,* and *Madison A. Hill.* **Argued:** *James T. Mackey.*

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Yvonne Patterson, appeals from a judgment of the Franklin County Municipal Court, granting restitution of a premises to plaintiff-appellee, Community Properties of Ohio Management Services, LLC ("Community Properties"), on its claim for forcible entry and detainer. For the reasons that follow, we reverse.

**I. Facts & Procedural History**

{¶ 2} On September 20, 2021, Community Properties filed a complaint in forcible entry and detainer against Ms. Patterson. Community Properties alleged in the complaint that it leased a residence located at 831 Oakwood Avenue in Columbus, Ohio (the "premises"), to Ms. Patterson, pursuant to a written lease agreement.[1] Community Properties further alleged that Ms. Patterson failed to make her rental payment for the month of August 2021, that Ms. Patterson was in default under the terms of the lease, and

---

[1] The record does not contain a copy of Ms. Patterson's lease for the premises.

that it had provided Ms. Patterson the notice to vacate the premises required by R.C. 1923.04. Community Properties requested judgment in the form of immediate restitution of the premises and costs.

{¶ 3} Community Properties attached a document titled "10 DAY NOTICE TO LEAVE THE PREMISES" ("10-day notice"), to the complaint. The 10-day notice directed Ms. Patterson and all other occupants to leave the premises on or before September 10, 2021, due to non-payment of rent. An individual named Angela Fuller signed the 10-day notice, stating that she served the notice to Ms. Patterson on August 31, 2021 by both hand delivery and ordinary U.S. mail.

{¶ 4} On October 11, 2021, the case came before a magistrate of the municipal court for a hearing. Ms. Patterson did not appear and was not represented by counsel at the hearing. The magistrate indicated that she would take Ms. Patterson's case and four other cases involving Community Properties and other tenants "collectively," because the cases were all "defaults, and none of the tenants have appeared." (Oct. 11, 2021 Tr. at 2.) The magistrate further stated that she had "looked at all of the three-day notices, and these are all nonpayment of rent cases." (*Id*.) The magistrate swore in an individual identified in the transcript as "unidentified male witness," and the following exchange occurred between the magistrate and the unidentified male witness:

> Q.    Did you serve these notices?
> A.    Yes, Your Honor.
> Q.    On those dates, were the tenants behind in their rent?
> A.    Yes, Your Honor.
> Q.    Still behind?
> A.    Yes, Your Honor.
> Q.    Are they all still living there?
> A.    Yes, Your Honor.
> THE MAGISTRATE: Recommend judgment.

(*Id*. at 2-3.)

{¶ 5} In a decision issued the same day as the hearing, the magistrate entered judgment in favor of Community Properties. The magistrate found, "[b]ased on the evidence presented," that Community Properties established non-payment of rent and that the "Notice to Vacate conform[ed] to R.C. 1923.04 and was properly served." (Oct. 11, 2021 Mag. Decision at 1.) On October 12, 2021, the trial court adopted the magistrate's decision and entered judgment for Community Properties. The court issued a writ of restitution for

the premises on October 13, 2021. The court's docket demonstrates the writ of restitution returned showing "expired" on October 26, 2021.

## II.    Assignments of Error

Ms. Patterson appeals, assigning the following errors for our review:

> FIRST ASSIGNMENT OF ERROR: The trial court erred when it *sua sponte* consolidated multiple cases that did not share sufficient commonality where the benefit of consolidation was minimal.

> SECOND ASSIGNMENT OF ERROR: The trial court erred by basing its decision on the testimony of an unidentified witness in violation of Ohio Evidence Rule 602.

## III.    Legal Analysis

{¶ 6}    Initially, we must address whether the present appeal is moot. " 'Actions or opinions are described as "moot" when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they have no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' " *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. City of Warren*, 84 Ohio App. 373, 393 (11th Dist.1948). "It is well-established law in Ohio that a court does not have jurisdiction over a moot question." *Croce v. Ohio State Univ.*, 10th Dist. No. 20AP-14, 2021-Ohio-2242, ¶ 16, citing *Bradley v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-567, 2011-Ohio-1388, ¶ 11.

{¶ 7}    "A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441 (2000). Judgment in a forcible entry and detainer action determines only the right to immediate possession of the property. *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 15. Thus, "[i]f immediate possession is no longer at issue because the defendant vacates the premises and possession is restored to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such an action is unnecessary, as there is no further relief that may be granted." *Id.* at ¶ 15. *Accord Cherry v. Morgan*, 2d Dist. No. 2012 CA 11, 2012-Ohio-3594, ¶ 4; *Blosser v. Bowman*, 10th Dist. No. 00AP-1140 (May 1, 2001). *Compare T&R Properties, Inc., v. Wimberly*, 10th Dist. No. 19AP-567, 2020-Ohio-4279, ¶ 9-16 (finding exceptions to the

mootness doctrine applicable to a moot appeal in a forcible entry and detainer action); R.C. 1923.14(A).

{¶ 8} As noted, the trial court's docket demonstrates that the writ of restitution for the premises returned expired. There is no indication that the writ of restitution was executed. *Compare Rithy Properties* at ¶ 11 (where landlord moved to dismiss the appeal asserting "that the writ of restitution was executed and set-out completed on August 10, 2015"). Community Properties has not participated in the present appeal and has not presented this court with anything demonstrating that it regained possession of the premises. At oral argument, this court asked Ms. Patterson's counsel if Ms. Patterson had moved out of the premises, and counsel responded stating only that the record did not indicate whether Ms. Patterson had moved from the premises.

{¶ 9} Accordingly, as there is nothing before this court demonstrating either that Ms. Patterson has vacated the premises or that Community Properties has regained possession of the premises, we have no basis on which to find the appeal moot. As such, we will address the merits of the appeal. Because we find it dispositive to resolving the appeal, we address Ms. Patterson's second assignment of error first.

{¶ 10} Ms. Patterson's second assignment of error asserts the trial court erred by relying on the testimony of the unidentified male witness to grant judgment in favor of Community Properties. To prevail in its forcible entry and detainer action, Community Properties had to prove that it met the procedural requirements and properly served Ms. Patterson with notice of the eviction, that it had the right to possess the premises, and that Ms. Patterson did not have the right to possession. *Garb-Ko v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 54, citing *Admr. of Veterans Affairs v. Jackson*, 41 Ohio App.3d 274, 278 (9th Dist.1987).

{¶ 11} Ms. Patterson did not file objections to the magistrate's decision. As such, our review is limited to a claim of plain error. Civ.R. 53(D)(3)(b)(iv) (stating that, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion"); *In re G.S.*, 10th Dist. No. 10AP-734, 2011-Ohio-2487, ¶ 6. In civil cases "the plain error doctrine is not favored" and should be applied only in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the

trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-23 (1997). The civil plain error doctrine "implicates errors in the judicial process where the error is clearly apparent on the face of the record and is prejudicial to the appellant." *Brooks-Lee v. Lee*, 10th Dist. No. 11AP-284, 2012-Ohio-373, ¶ 26, citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223 (1985).

{¶ 12} Ms. Patterson contends the trial court violated Evid.R. 602 by relying on the unidentified male witness's testimony. Evid.R. 602 provides that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Evidence sufficient to prove personal knowledge "may, but need not, consist of the witness' own testimony." Evid.R. 602. Personal knowledge is " '[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.' " *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 26, quoting *Black's Law Dictionary* 875 (7th Ed.1999). *See* Evid.R. 602, Staff Notes (stating that a "witness is required to testify from first-hand knowledge which has been acquired by perceiving a fact through one or more of his five senses"); *Starinchak v. Sapp*, 10th Dist. No. 04AP-484, 2005-Ohio-2715, ¶ 28. "A trial court has wide discretion in determining whether a witness has sufficient personal knowledge to testify." *United States Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 13, citing *Starinchak* at ¶ 27. *See Ohio EPA v. Lowry*, 10th Dist. No. 12AP-982, 2013-Ohio-2779, ¶ 13.

{¶ 13} The unidentified male witness did not identify himself, indicate he was affiliated with Community Properties, or provide any statement demonstrating that he had knowledge of Ms. Patterson's case. *See Everitt v. Everitt*, 9th Dist. No. 24860, 2010-Ohio-875, ¶ 16 (holding that "[a]n unidentified witness provides no context from which the trier of fact may assess whether she has personal knowledge regarding the matters to which she is testifying"); *Wallick Properties Midwest, LLC, v. Jama*, 10th Dist. No. 20AP-299, 2021-Ohio-2830, ¶ 15, quoting *Baycliffs Homeowners Assn. v. Solomon*, 6th Dist. No. OT-05-002, 2005-Ohio-4917, ¶ 48, quoting *Boros v. O'Knoski*, 6th Dist. No. L-92-358 (Sept. 24, 1993) (stating that in order for an affiant to demonstrate competency to testify, the affiant

must " ' "identify himself, his relationship to the parties or case, and the basis of his knowledge of the facts to which he attests" ' ").

{¶ 14} At the hearing, the magistrate stated that she "looked at all of the three-day notices," and the unidentified male witness affirmed that he "serve[d] these notices." (Oct. 11, 2021 Tr. at 2.) However, the record indicates only that Ms. Patterson received a 10-day notice, not a 3-day notice to vacate. The 3-day notices referenced by the magistrate were not admitted as exhibits at the hearing. *See* R.C. 1923.04(A) (providing that a party desiring to commence an eviction action must notify the adverse party to leave the premises "three or more days before beginning the action").

{¶ 15} The unidentified male witness did not provide any statement indicating that he served the 10-day notice at issue in Ms. Patterson's case. The witness also never indicated that he was Angela Fuller, the person who signed the 10-day notice addressed to Ms. Patterson. Because the unidentified male witness provided no other statement which could support a finding that he had personal knowledge of Ms. Patterson's case, pursuant to Evid.R. 602, the witness could not testify that Ms. Patterson failed to pay her rent. Although Ms. Patterson failed to appear for the October 11, 2021 hearing, R.C. 1923.07 obligated the trial court to try the case as though she were present. Thus, even in Ms. Patterson's absence, the trial court had to "conduct a formal judicial examination of the evidence and reach a determination on [the] complaint for forcible entry and detainer." *T&R Properties* at ¶ 20.

{¶ 16} Accordingly, because the record fails to demonstrate that the unidentified male witness had personal knowledge of the facts of Ms. Patterson's case, the trial court plainly erred by relying on his testimony to grant judgment in favor of Community Properties. Because the testimony of the unidentified male witness was the only evidence presented at the October 11, 2021 hearing, the error prejudiced Ms. Patterson. The trial court's willingness to rely on testimony from an unidentified witness who lacked any personal knowledge of the case at issue seriously affects the basic fairness, integrity, and public reputation of the judicial process in the Franklin County Municipal Court. As such, the present case satisfies the high bar necessary to establish plain error in a civil case.

{¶ 17} Based on the foregoing, we sustain Ms. Patterson's second assignment of error. Our ruling on Ms. Patterson's second assignment of error renders her first assignment of error moot. *See* App.R. 12(A)(1)(c).

**IV.     Conclusion**

{¶ 18} Having sustained Ms. Patterson's second assignment of error, rendering Ms. Patterson's first assignment of error moot, we reverse the judgment of the Franklin County Municipal Court and remand the case for proceedings consistent with this decision.

*Judgment reversed,*
*case remanded.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____