[Cite as *Estate of Minter v. Smith*, 2024-Ohio-5826.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Estate of Charles H. Minter        :
c/o A.R. Hutchins, Esq.,

       :

       Plaintiff-Appellee,              No. 24AP-338

       :          (M.C. No. 2024 CVG 15545)

v.

       :          (REGULAR CALENDAR)

Melissa Smith,

       :

       Defendant-Appellant.

       :

D E C I S I O N

Rendered on December 12, 2024

**On brief:** *Melissa Smith*, pro se.

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Melissa Smith, pro se, appeals from a judgment entry of the Franklin County Municipal Court granting restitution of a premises to plaintiff-appellee, Estate of Charles H. Minter ("the estate"), on its claim of forcible entry and detainer. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On April 9, 2024, the estate filed a complaint for forcible entry and detainer against Smith. The estate alleged that Smith entered into possession of the premises at some time prior to January 2023 as the invitee and/or tenant of Minter but that she was notified of the termination of any authority she may have had to possess the premises on November 10, 2023. The complaint further alleged the estate provided written notice to Smith to vacate the premises through a notice posted on the door of the premises on

March 14, 2024, and that Smith unlawfully continued to possess the premises. The estate requested judgment against Smith in the form of restitution of the premises and costs. Additionally, the estate attached a document titled "NOTICE TO LEAVE THE PREMISES" to the complaint, directing Smith to leave the premises on or before March 20, 2024.

{¶ 3} The trial court conducted a hearing before a magistrate on April 29, 2024. Smith did not file a transcript of the hearing with this court. In an April 29, 2024 magistrate's decision, the magistrate entered judgment in favor of the estate. The magistrate determined "[b]ased on the evidence presented, the magistrate finds that the Notice to Vacate conforms with R.C. 1923.04 and was properly served, and that plaintiff has proven the allegations set forth in the complaint by a preponderance of the evidence." (Mag.'s Decision at 1.) Thus, the magistrate entered judgment in favor of the estate for restitution of the premises and costs. Further, the magistrate's decision expressly states "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law contained in this decision unless the party timely and specifically objects to that finding or conclusion. Civ.R. 53(D)(3)." *Id.*

{¶ 4} On May 1, 2024, the trial court adopted the magistrate's decision and entered judgment for the estate. The trial court issued a writ of restitution for the premises on May 7, 2024. The trial court's docket demonstrates the writ of restitution returned showing "expired" on May 22, 2024.

{¶ 5} Smith filed an emergency motion for stay in the trial court on May 28, 2024 seeking to stay execution of the trial court's judgment pending her appeal. The trial court denied the motion to stay. Smith timely appeals.

## II. Assignments of Error

{¶ 6} Smith assigns the following three assignments of error for our review:

> I. The Trial Court Errored by Summarily Ignoring, by, Subverting All the Due Process Clearly Outlined in the Statute, Present Governing Law(s) and judicial precedent in claiming jurisdiction and rendering judgement.
>
> II. The Trial Court Errored by declaring jurisdiction contrary to established laws and rules and judicial precedent.
>
> III. The Trial Court Errored by Assuming, *Rather* than *Determining*, whether All Conditions Precedent were met to

> file the complaint for Writ or Civ. R. 9; LOC. R. 9.6(G); Franklin
> County Probate Loc. R. Fiduciary and Judicial Estoppel for the
> same in claim of jurisdiction.

(Sic Passim.) (Emphasis sic.)

### III. Discussion

{¶ 7} Smith's three assignments of error are interrelated, and we address them jointly. Taken together, Smith's three assignments of error assert the trial court erred in entering judgment and granting restitution and costs to the estate on its claim of forcible entry and detainer. The estate has not filed a brief or otherwise participated in the instant appeal.

{¶ 8} To prevail in its action for forcible entry and detainer, the estate had to prove: (1) it met the procedural requirements and properly served Smith with the notice to vacate, (2) that it had the right to possess the premises, and (3) that Smith did not have the right to possession of the premises. *Community Properties of Ohio, Mgt. Servs., L.L.C. v. Patterson*, 10th Dist. No. 21AP-583, 2023-Ohio-939, ¶ 10, citing *Garb-Ko, Inc. v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 54.

{¶ 9} Smith did not file objections to the magistrate's decision. Thus, our review is limited to plain error. Civ.R. 53(D)(3)(b)(iv) ("[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion"); *Woodbury Garden Homes v. Davis*, 10th Dist. No. 23AP-693, 2024-Ohio-3414, ¶ 5. In appeals of civil cases, the plain error doctrine is not favored, and we will apply it only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. *Mayne v. Wood*, 10th Dist. No. 20AP-311, 2020-Ohio-5629, ¶ 7, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. "The civil plain error doctrine 'implicates errors in the judicial process where the error is clearly apparent on the face of the record and is prejudicial to the appellant.' " *Patterson* at ¶ 11, quoting *Brooks-Lee v. Lee*, 10th Dist. No. 11AP-284, 2012-Ohio-373, ¶ 26.

{¶ 10} Here, the magistrate found the notice to vacate conforms with R.C. 1923.04 and was properly served and that the estate proved its allegations in the complaint by a preponderance of the evidence. While Smith generally alleges the trial court erred in concluding she did not rightfully and lawfully possess the premises, the appellate record

does not contain a transcript of the proceedings in the trial court. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without a transcript of the trial on the estate's claim of forcible entry and detainer, we must presume the validity of the trial court's finding that the estate satisfied its evidentiary burden. *Mayne* at ¶ 8.

{¶ 11} Smith further argues the trial court erred in entering judgment for the estate because the estate did not attach a written lease agreement to its complaint. Smith alleges the trial court should have dismissed the complaint for failure to comply with Loc.R. 9.06 of the Franklin County Municipal Court. Loc.R. 9.06 governs procedures in forcible entry and replevin cases and provides, in pertinent part:

> When a claim for restitution of premises is founded on a written lease agreement, or other written instrument, a copy of that written lease agreement or instrument shall be attached to the complaint.
>
> Upon Defendant's motion, which may be oral or written, and upon the Magistrate's finding that a written lease agreement or instrument is required to be attached, the Magistrate shall order Plaintiff to file an amended complaint that complies with this rule.
>
> Unless the Magistrate orders a different timeframe for good cause shown, the Magistrate shall order the amended complaint to be filed within seven days of their order, and continue the hearing for 14 days.
>
> In the event an amended complaint is ordered pursuant to this Rule and an amended complaint is not filed as ordered, Plaintiff's claim for restitution of premises shall be dismissed.

Loc.R. 9.06(G). Again, we note Smith did not file a transcript of the trial court proceedings with this court, and Smith does not point to anything in the record indicating she moved the court to order the estate to file an amended complaint with a written lease agreement attached. Moreover, nothing in the record indicates the forcible entry and detainer action was based on a written lease agreement. Thus, Smith does not demonstrate plain error from her claim of noncompliance with Loc.R. 9.06(G).

{¶ 12} Smith's final argument under her assignments of error is that the municipal court lacked jurisdiction pursuant to the jurisdictional priority rule. "The jurisdictional priority rule prevents the prosecution of two actions involving the same controversy in two courts of concurrent jurisdiction at the same time." *Hughes v. Hughes*, 10th Dist. No. 19AP-865, 2020-Ohio-5026, ¶ 12 (further quotation and citation omitted). "Under the jurisdictional priority rule, '[a]s between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *Id.*, quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279 (1977), syllabus. Though Smith generally alleges another court already had jurisdiction over the matter and asserts she raised this issue before the trial court, she again does not point to anything in the record establishing another court with concurrent jurisdiction had already invoked its jurisdiction over the matter. Therefore, we reject Smith's argument that the jurisdictional priority rule applies here.

{¶ 13} In summation, Smith is not able to demonstrate plain error from the trial court's adoption of the magistrate's decision entering judgment in favor of the estate on its claim of forcible entry and detainer. Accordingly, we overrule Smith's three assignments of error.

## IV. Disposition

{¶ 14} Based on the foregoing reasons, the trial court did not plainly err in adopting the magistrate's decision entering judgment in favor of the estate on its claim of forcible entry and detainer. Having overruled Smith's three assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.