[Cite as *Hernandez Caballero v. Hernandez Caballero*, 2023-Ohio-1006.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Orlin Waldina Hernandez Caballero, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 22AP-450 |
| v. | : | (C.P.C. No. 22JU-872) |
| Brenda Yosari Hernandez Caballero, (Deceased) et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 28, 2023

**On brief:** *Flecha Law, Ltd.*, and *Joshua G. Homer*, for
appellant. **Argued:** *Joshua G. Homer*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Orlin Waldina Hernandez Caballero, appeals from a
judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations,
Juvenile Branch, that dismissed the complaint for failure to prosecute and lack of subject-
matter jurisdiction. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On January 25, 2022, Caballero filed a "complaint for custody," in which she
requested the juvenile court award her legal custody of Jose Carlos Lopez Hernandez. In
the complaint, Caballero alleged that Hernandez's parents were not married when he was
born. Caballero also stated that Hernandez's father, Carlos Enrique Lopez Maldonado,
abandoned him upon birth and Hernandez's mother, Brenda Yosari Hernandez Caballero,
died on October 14, 2006. Hernandez lived with his maternal grandmother and an aunt in

Honduras until 2019. Hernandez then traveled to the United States and began residing with Caballero in Columbus. In addition to seeking legal custody of Hernandez, Caballero asked the juvenile court to "find that reunification of [Hernandez] with his biological father is not viable due to abandonment and that it is not in the best interest of [Hernandez] to return to Honduras." (Compl. at ¶ 14.)

{¶ 3} Caballero requested service by publication on Maldonado. Public notice of the complaint and custody hearing, scheduled for April 6, 2022, was completed on February 8, 2022.

{¶ 4} Immediately prior to the April 6, 2022 hearing, Caballero filed an amended complaint. The amended complaint clarified that Caballero was Hernandez's maternal aunt, and that Hernandez was born on May 31, 2004.

{¶ 5} At the April 6, 2022 hearing, the magistrate refused to proceed because Caballero had not served all necessary parties with the complaint. The magistrate explained that because Caballero had not established Maldonado's paternity of Hernandez under Honduran law, Caballero also needed to serve Hernandez's unknown father. The magistrate, however, agreed to issue a temporary order granting Caballero legal custody of Hernandez.[1] The magistrate also granted Caballero a continuance, resetting the custody hearing for June 8, 2022.

{¶ 6} With Hernandez's 18th birthday quickly approaching on May 31, 2022, Caballero's attorney asked to bring the June 8, 2022 hearing forward. The magistrate complied with this request, advancing the hearing date to April 20, 2022. But, on April 20, 2022, Caballero had not yet accomplished service of the unknown father, so the magistrate again refused to proceed. The magistrate continued the hearing, resetting it for July 18, 2022.

{¶ 7} On June 22, 2022, the magistrate entered a decision and entry dismissing the complaint for: (1) failure to prosecute because Caballero failed to appear for a hearing on June 8, 2022, and (2) lack of subject-matter jurisdiction because Hernandez turned 18 years old on May 31, 2022. The juvenile court adopted the magistrate's decision and entry.

---

[1] The temporary order the magistrate initially entered erroneously granted Hernandez's deceased mother legal custody of Hernandez. To correct the error, the magistrate entered a second temporary order on April 20, 2022 that granted Caballero legal custody of Hernandez.

## II. Assignments of Error

{¶ 8}   Caballero appeals and assigns the following four assignments of error for our review:

> I. THE COURT ERRED BY HOLDING THAT IT NO LONGER HAD JURISDICTION OVER THE COMPLAINT DUE TO THE CHILD HAVING OBTAINED THE AGE OF 18; WHERE A CHILD IS ADJUDICATED NEGLECTED, WHICH INCLUDES ABANDONED CHILDREN, A CUSTODY DETERMINATION MAY BE CONTINUED AFTER THE CHILD TURNS 18 IN ORDER TO ENSURE THAT THE CHILD GRADUATES FROM HIGH SCHOOL.
>
> II. MS. HERNANDEZ CABALLERO NEVER FAILED TO PROSECUTE HER COMPLAINT; NO HEARING WAS SCHEDULED FOR JUNE 8, 2022. THEREFORE MS. HERNANDEZ DID NOT FAIL TO APPEAR IN COURT.
>
> III. THE TRIAL COURT ERRED BY HOLDING THAT IT DID NOT HAVE JURISDICTION OVER THE COMPLAINT DUE TO UNKNOWN THIRD PARTY "JOHN DOE" NOT HAVING BEEN SERVED; THE PREPONDERANCE OF THE EVIDENCE DEMONSTRATED THAT PATERNITY HAD BEEN ESTABLISHED, THEREFORE THE COURT HAD JURISDICTION AS ALL PARTIES TO THE CUSTODY PROCEEDING HAD BEEN SERVED.
>
> IV. THE TRIAL COURT ERRORS ARE REVERSIBLE ERROR AS THEY PREJUDICED MS. HERNANDEZ CABALLERO BY COMPLETING DEPRIVING HER OF THE OPPORTUNITY TO OBTAIN THE RELIEF THAT SHE SOUGHT.

## III. Analysis

{¶ 9}   By her first assignment of error, Caballero argues the juvenile court erred in concluding that it lacked subject-matter jurisdiction over this matter once Hernandez turned 18 years old.  We disagree.

{¶ 10} In dismissing the complaint, the juvenile court adopted the magistrate's decision. Caballero did not object to the magistrate's decision.  Pursuant to Juv.R. 40(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [by a magistrate] * * * unless the party has objected to that finding or conclusion as required by Juv.R.

40(D)(3)(b)." Thus, if a party does not file any objections to a magistrate's decision, the party has waived the right to appellate review of all but plain error. *Townsend v. Phommarath*, 10th Dist. No. 10AP-598, 2011-Ohio-1891, ¶ 8. Because Caballero failed to object to the magistrate's decision, we limit our review to whether the error alleged rises to the level of plain error.

{¶ 11} In civil cases, courts apply the doctrine of plain error "with the utmost caution." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). Courts will find that plain error has occurred "only in the extremely rare case involving exceptional circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at syllabus.

{¶ 12} Subject-matter jurisdiction is the constitutional or statutory power of a court to adjudicate a particular class or type of case. *State v. Hudson*, 169 Ohio St.3d 216, 2022-Ohio-1435, ¶ 22; *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, ¶ 21. In determining a court's subject-matter jurisdiction, the focus is on whether the forum itself is competent to hear the controversy. *Hudson* at ¶ 22; *Ostanek* at ¶ 21. Subject-matter jurisdiction is a condition precedent to a court's power to render judgment in a case, and "in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 21.

{¶ 13} Article IV, Section 4(C) of the Ohio Constitution states that "[u]nless otherwise provided by law, there shall be a probate division and such other divisions of the courts of common pleas as may be provided by law." Article IV, Section 4(B) of the Ohio Constitution states that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." Thus, Sections 4(B) and (C) work in tandem. Article IV, Section 4(C) empowers the General Assembly to create divisions of the courts of common pleas, other than the probate division. *State ex rel. Reynolds v. Kirby*, ___ Ohio St.3d ___, 2023-Ohio-782, ¶ 15. Article IV, Section 4(B) authorizes the General Assembly to allocate certain subject matters to the exclusive original jurisdiction of the specified divisions of the courts of common pleas. *Ostanek* at ¶ 25.

{¶ 14} Using the powers granted in Article IV, Section 4 of the Ohio Constitution, the General Assembly created juvenile courts and gave them exclusive original jurisdiction over certain subject matters as courts of record within courts of common pleas. R.C. 2151.07 (creating the juvenile courts and vesting them with "the powers and jurisdiction conferred in Chapters 2151. and 2152. of the Revised Code"); *In re: K.K.*, ___ Ohio St.3d ___, 2022-Ohio-3888, ¶ 53. As statutorily created courts, juvenile courts may exercise subject-matter jurisdiction only if expressly granted the authority to do so by statute. *State ex rel. C.V. v Adoption Link, Inc.*, 157 Ohio St.3d 105, 2019-Ohio-2118, ¶ 14; *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 14; *Rowell v. Smith*, 133 Ohio St.3d 288, 2012-Ohio-4313, ¶ 13.

{¶ 15} This appeal centers on two provisions granting juvenile courts jurisdiction to act. The first, R.C. 2151.23(A)(1), vests juvenile courts with "exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be a[n] * * * abused, neglected, or dependent child." The second, R.C. 2151.23(A)(2), permits juvenile courts to exercise "exclusive original jurisdiction * * * to determine the custody of any child not a ward of another court of this state." Both provisions allow the juvenile court to act with regard to "any child." "Child" means "a person who is under eighteen years of age." R.C. 2151.011(B)(6).[2] Consequently, absent a statutory exception, a juvenile court loses subject-matter jurisdiction over a matter filed pursuant to R.C. 2151.23(A)(1) or (2) once the child at issue turns 18 years old. *See Lorain Cty. Children Servs. v. Gossick*, 9th Dist. No. 13CA010476, 2014-Ohio-3865, ¶ 11 (absent a statutory exception, once a child turns 18, a juvenile court loses jurisdiction "[t]o hear and determine an application for an order for the support of any child" under R.C. 2151.23(B)(4)); *In re W.W.*, 8th Dist. No. 98784, 2013-Ohio-827, ¶ 11-12 (same).

{¶ 16} In this appeal, Caballero argues that her complaint invoked the juvenile court's subject-matter jurisdiction under R.C. 2151.23(A)(1) because she alleged in her complaint that Hernandez was a neglected child. According to Caballero, due to a statutory exception, the juvenile court had to retain jurisdiction over her complaint for custody, even

---

[2] This definition includes an unapplicable exception for any person adjudicated an unruly child prior to attaining 18 years of age.

after Hernandez turned 18 years old, as he has yet to graduate from high school. Caballero argues the juvenile court erred in dismissing her complaint for lack of jurisdiction without first determining whether Hernandez qualified as a neglected child under R.C. 2151.03.

{¶ 17} Caballero's argument fails for multiple reasons. First, Caballero's complaint appears to invoke the juvenile court's jurisdiction under R.C. 2151.23(A)(2), not (A)(1). R.C. 2151.23(A)(1) specifies that the juvenile court has jurisdiction concerning children alleged to be abused, neglected, or dependent in a complaint. *In re C.R.*, 108 Ohio St.3d 369, 2006-Ohio-1191, ¶ 12. R.C. 2151.23(A)(2) permits a juvenile court to hear and determine a non-parent's claim for custody of a child. *Rowell* at ¶ 14. Significantly, "the grants of jurisdiction in R.C. 2151.23(A)(1) and (A)(2) are independent of each other." *In re Poling*, 64 Ohio St.3d 211, 214 (1992). In order to determine custody under R.C. 2151.23(A)(2), it is not necessary for a court to first find that the child is abused, neglected, or dependent. *Id.*

{¶ 18} Generally, when filing a complaint in the juvenile court, a party must: (1) "[s]tate in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court," (2) list "the name and address of the parent, guardian, or custodian of the child or state that the name or address is unknown," and (3) make the complaint under oath. Juv.R. 10(B). When filing an abuse, neglect, or dependency complaint to invoke the juvenile court's jurisdiction under R.C. 2151.23(A)(1), a person must also follow the dictates of R.C. 2151.27(A)(1). *State v. B.C.*, 5th Dist. No. 2021CA0015, 2022-Ohio-1255, ¶ 9-10. Under that provision, "in addition to the allegation that the child * * * is an * * * abused, neglected, or dependent child, the complaint shall allege the particular facts upon which the allegation that the child * * * is an * * * abused, neglected, or dependent child is based." R.C. 2151.27(A)(1).

{¶ 19} In *In re Hunt*, 46 Ohio St.2d 378 (1976), the Supreme Court of Ohio considered whether a dependency complaint satisfied the requirements of R.C. 2151.27(A)(1). Examining the previous text and interpretation of the statute, the court noted that, "[p]rior to 1969, R.C. 2151.27 provided that a complaint was 'sufficiently definite by using the word * * * dependent * * *,' and lower courts upheld complaints based upon bare allegations of dependency." *Hunt* at 379. However, in 1969, the General Assembly amended R.C. 2151.27 to add language requiring the complaint to state "the particular facts"

on which the complainant based an allegation of abuse, neglect, or dependency. Consequently, to meet the mandate of R.C. 2151.27, a complaint must allege both that a child is abused, neglected, or dependent, and state the essential facts that support that allegation. *Hunt* at 379-80.

{¶ 20} In the case at bar, Caballero entitled her complaint, "complaint for custody," and entitled her amended complaint, "amended complaint for custody." In both documents, she alleged that Hernandez was "not a ward of any other court of this or any other state," and therefore, she "pray[ed] that [the juvenile court would] make her the legal custodian" of Hernandez. (Compl. at ¶ 14; Am. Compl. at ¶ 15.) Perhaps most tellingly, Caballero averred that she brought her complaint and amended complaint pursuant to R.C. 2151.23(A)(2). Each of these elements indicates that Caballero sought to invoke the juvenile court's jurisdiction to award her legal custody of Hernandez under R.C. 2151.23(A)(2).

{¶ 21} However, on appeal, Caballero contends that she actually brought her complaint pursuant to R.C. 2151.23(A)(1). Caballero did not allege anywhere in her complaint that Hernandez was abused, neglected, or dependent. But she stated that Hernandez's mother has died, and Hernandez's father abandoned him. According to the complaint and amended complaint, Hernandez's father "has failed to visit and maintain contact with [Hernandez] since birth." (Compl. at ¶ 13; Am. Compl. at ¶ 14.) As Caballero points out, one of the definitions of a "neglected child" is a child "[w]ho is abandoned by the child's parents, guardian, or custodian." R.C. 2151.03(A)(1). Caballero thus argues that by alleging Hernandez's father abandoned him, she set forth sufficient facts to plead a neglect complaint under R.C. 2151.27.

{¶ 22} We are skeptical of Caballero's argument. While Caballero's complaint may include facts that could support a neglect complaint, she did not allege—as required in R.C. 2151.27—that Hernandez was a neglected child. Without that key allegation, the complaint does not satisfy the dictates of R.C. 2151.27, and consequently, cannot invoke the juvenile court's jurisdiction under R.C. 2151.23(A)(1). Moreover, even if we considered Caballero's complaint sufficient to invoke the juvenile court's jurisdiction under R.C. 2151.23(A)(1), that jurisdiction expired on Hernandez's 18th birthday.

**{¶ 23}** Upon the filing of a complaint alleging that a child is abused, neglected, or dependent, a juvenile court must hold an adjudicatory hearing. R.C. 2151.28(A)(2) and (B). If the court determines at the adjudicatory hearing that the child is abused, neglected, or dependent, the court must hold a dispositional hearing. R.C. 2151.35(A)(1) and (B). Following the dispositional hearing, the juvenile court must issue one of the dispositional orders authorized by R.C. 2151.353(A), which include awarding legal custody to a person who is identified as a proposed legal custodian in the complaint. R.C. 2151.353(A)(3).

**{¶ 24}** As a general rule, the juvenile court "shall retain jurisdiction over any child for whom the court issues an order of disposition" pursuant to R.C. 2151.353(A) until: (1) the child reaches the age of 18, (2) the child reaches the age of 21 if the child is developmentally disabled, or physically impaired, or (3) the child is adopted and a final decree of adoption is issued. R.C. 2151.353(F)(1). In an exception to this general rule, the juvenile court "may retain jurisdiction over the child and continue any order of disposition under division (A) of [R.C. 2151.353] * * * for a specified period of time to enable the child to graduate from high school or vocational school." R.C. 2151.353(F)(1).

**{¶ 25}** Initially, with the filing of an abuse, neglect, or dependency complaint, the juvenile court acts within its exclusive original jurisdiction. R.C. 2151.23(A)(1). However, that jurisdiction terminates upon the issuance of a dispositional order pursuant to R.C. 2151.353(A). *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Court of Common Pleas*, 150 Ohio St.3d 230, 2016-Ohio-7382, ¶ 23. Nevertheless, the juvenile court retains jurisdiction by virtue of R.C. 2151.353(F)(1). "The retained jurisdiction following a dispositional order issued pursuant to R.C. 2151.353(A) * * * is 'continuing jurisdiction.' " *Id.* at ¶ 22, quoting R.C. 2151.417(B).

**{¶ 26}** Here, Caballero relies on the jurisdiction provided under R.C. 2151.353(F)(1) to contend that the juvenile court still retains the authority to decide her complaint, despite Hernandez's age. That provision, however, gives the juvenile court continuing jurisdiction after the issuance of an order of disposition pursuant to R.C. 2151.353(A). In this case, the juvenile court has not rendered an adjudication finding Hernandez abused, neglected, or dependent, much less issued a dispositional order pursuant to R.C. 2151.353(A).

Consequently, the juvenile court's continuing jurisdiction under R.C. 2151.353(F)(1) does not apply to Hernandez or Caballero's complaint.

{¶ 27}  Caballero also argues that the juvenile court has jurisdiction to continue the temporary order granting her legal custody of Hernandez past Hernandez's 18th birthday. The juvenile court granted Caballero the temporary order pursuant to Juv.R. 13(B), not R.C. 2151.353(A).  Therefore, the provisions of R.C. 2151.353(F)(1) extending the juvenile court's jurisdiction do not apply to the temporary order.

{¶ 28}  Finally, Caballero emphasizes that before a person is granted legal custody of a child in an order of disposition under R.C. 2151.353(A)(3), that person must sign a statement acknowledging that the legal custodian's responsibilities for the child "shall continue beyond the age of majority" if the child is pursuing a high school education.  R.C. 2151.353(A)(3)(b).  Based on this requirement, Caballero argues that the juvenile court's jurisdiction must continue as long as Hernandez remains in high school.  We are not persuaded.  R.C. 2151.23(A)(1) and 2151.353(F)(1)—not 2151.353(A)(3)—define the scope of the juvenile court's jurisdiction.  Moreover, R.C. 2151.353(A)(3) does not apply here because the juvenile court never issued a dispositional order granting Caballero legal custody of Hernandez.

{¶ 29}  In sum, due to the lack of a dispositional order issued pursuant to R.C. 2151.353(A), the juvenile court could not retain jurisdiction past Hernandez's 18th birthday under R.C. 2151.353(F)(1), even if he remained in high school.  Once Hernandez turned 18, the juvenile court lost subject-matter jurisdiction.  Consequently, the trial court did not err, let alone commit plain error, in dismissing Caballero's complaint for lack of subject-matter jurisdiction.  We thus overrule the first assignment of error.

{¶ 30}  Our conclusion that the trial court lacks subject-matter jurisdiction renders moot Caballero's second, third, and fourth assignments of error.  Accordingly, we do not address those assignments of error.

## IV. Conclusion

{¶ 31}  For the foregoing reasons, we overrule the first assignment of error, and render the second, third, and fourth assignments of error moot.  We affirm the judgment

of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BOGGS and LELAND, JJ., concur.

———————————