[Cite as *Woodbury Garden Homes v. Davis*, 2024-Ohio-3414.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Woodbury Garden Homes, | : | |
| Plaintiff-Appellee, | : | No. 23AP-693 |
| | | (M.C. No. 2023 CVG 038186) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Patrick E. Davis, | : | |
| Defendant-Appellant, | : | |

D E C I S I O N

Rendered on September 5, 2024

**On brief:** *Poynter Law Firm LLC*, and *Angel V. Poynter*, for appellee. **Argued:** *Angel V. Poynter*.

**On brief:** *Legal Aid of Southeast and Central Ohio*, *Madison A. Hill*, and *Jyoshu L. Tsushima*, for appellant. **Argued:** *Madison A. Hill*.

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Patrick E. Davis, appeals from a judgment of the Franklin County Municipal Court entered in favor of plaintiff-appellee, Woodbury Garden Homes, for restitution of the premises and court costs. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On October 10, 2023, Woodbury Garden Homes filed a complaint in forcible entry and retainer against Davis for nonpayment of October 2023 rent. Davis filed a motion for a more definite statement, a motion for judgment on the merits, and a motion to dismiss for failure to comply with the 30-day notice of eviction requirement in Section 4024 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). A magistrate heard the

matter on October 31, 2023.  A week later, the magistrate issued a decision finding that Woodbury Garden Homes is entitled to judgment in its favor.  The magistrate concluded, inter alia, that the 30-day eviction notice requirement did not apply.  Two days later, the trial court adopted the magistrate's decision and awarded judgment in favor of Woodbury Garden Homes for restitution of the premises and court costs.  Davis did not file objections to the magistrate's decision as permitted under Civ.R. 53(D)(3).  Instead, he filed a timely notice of appeal on November 14, 2023.

## II.  Assignment of Error

{¶ 3}    Davis assigns the following sole assignment of error for our review:

> The Magistrate plainly erred when it concluded that the Section 4024 of the Coronavirus Aid, Relief, and Economic Security Act did not apply to the property in question.

## III.  Discussion

{¶ 4}    In his sole assignment of error, Davis asserts the magistrate erred in concluding that Section 4024 of the CARES Act, codified as 15 U.S.C. 9058, did not apply to the property at issue.  He argues Woodbury Garden Homes did not comply with the 30-day eviction notice requirement under the CARES Act.  Because Davis appeals from the trial court's adoption of the magistrate's decision and grant of judgment in favor of Woodbury Garden Homes, we construe Davis's sole assignment of error as challenging the trial court's judgment.  This assignment of error is not well-taken.

{¶ 5}    Davis must demonstrate plain error because he did not timely object to the magistrate's decision.  As required under Civ.R. 53(D)(3)(a)(iii), the magistrate's decision conspicuously indicates that a "party shall not assign as error on appeal the Court's adoption of any findings of fact or conclusions of law contained in this decision unless the party timely and specifically objects to that finding or conclusion."  (Emphasis omitted.) (Nov. 7, 2023 Mag.'s Decision at 6.)  If a party does not file objections, the party waives all but plain error.  "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."  Civ.R.

53(D)(3)(b)(iv). Thus, because Davis did not file any timely objections to the magistrate's decision, he has waived all but plain error on appeal.

**{¶ 6}** "In civil cases, courts apply the doctrine of plain error 'with the utmost caution.' " *Caballero v. Caballero*, 10th Dist. No. 22AP-450, 2023-Ohio-1006, ¶ 11, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). A " 'plain error' is one that is 'obvious and prejudicial although neither objected to nor affirmatively waived.' " *In re J.L.*, 10th Dist. No. 15AP-889, 2016-Ohio-2858, ¶ 60, quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982). "Courts will find that plain error has occurred 'only in the extremely rare case involving exceptional circumstances where error . . . seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Caballero* at ¶ 11, quoting *Goldfuss* at syllabus.

**{¶ 7}** Davis fails to demonstrate plain error. He contends the trial court plainly erred in finding the 30-day eviction notice requirement of the CARES Act did not apply. In response to the COVID-19 pandemic, Congress passed the CARES Act, which states in part that "[t]he lessor of a covered dwelling unit may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate." 15 U.S.C. 9058(c)(1). Woodbury Garden Homes argues the 30-day notice provision in 15 U.S.C. 9058(c)(1) ceased to be effective as of May 11, 2023, which was the end of the COVID-19 public health emergency. For the purpose of our analysis in this appeal, we assume the CARES Act 30-day eviction notice requirement continues to apply to a "covered dwelling," as the CARES Act defines that term.

**{¶ 8}** Davis argues the property at issue was a "covered dwelling." A "covered dwelling" includes residential tenancies, if the rented premises is "on or in a covered property," and the tenant occupies the premises. 15 U.S.C. 9058(a)(1)(A) and (B). The term "covered property" means any property that: (1) participates in a certain federal housing program, or (2) has a "federally backed mortgage loan" or "federally backed multifamily mortgage loan." *Olentangy Commons Owner L.L.C. v. Fawley*, 10th Dist. No. 22AP-293, 2023-Ohio-4039, ¶ 25, quoting 15 U.S.C. 9058(a)(2)(A) and (B). A "federally backed multifamily mortgage loan" includes any loan that is secured by a lien on property "designed principally for the occupancy of 5 or more families," and "is purchased or

securitized by the Federal Home Loan Mortgage Corporation ["Freddie Mac"] or the Federal National Mortgage Association ["Fannie Mae"]." 15 U.S.C. 9058(a)(5). Davis contends the property at issue met these requirements because it contains 103 units and the mortgage loan on the property was securitized by Freddie Mac. Although there is no dispute that the property was designed principally for the occupancy of 5 or more families, Woodbury Garden Homes challenges the establishment of the second requirement.

{¶ 9} In support of his contention that Freddie Mac securitized the mortgage loan, Davis cites Exhibits A, B, C, and D, which were admitted into evidence at the hearing before the magistrate. Exhibit A is the July 2015 mortgage on the property at issue. Exhibit B is the simultaneous assignment of that security instrument to Freddie Mac. Exhibit C is the October 2015 assignment of the security instrument to "U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-SB5." (Emphasis sic.) And Exhibit D is an "Offering Circular dated August 2, 2023." This document explains that Freddie Mac "issues and guarantees several types of multifamily 'Pass-Through Certificates,' " and it advises the reader that these "may not be suitable investments for you." (Ex. D.) Davis, directing this court to the name of the assignee in Exhibit C, asserts that this exhibit facially demonstrates that Freddie Mac securitized the mortgage loan. He further asserts that Exhibit D explains Freddie Mac's securitization of mortgage loans and provides context for Exhibit C, namely, that "the type of security interest transferred in Exhibit C (pass through certificate series) is securitized by Freddie Mac." (Reply Brief at 7.)

{¶ 10} In essence, Davis argues that Exhibit C, by itself, demonstrates Freddie Mac securitized the mortgage loan, and that if context is required to explain Exhibit C and this securitization, Exhibit D provides that context. We are unpersuaded. Exhibit C reflects an October 2015 security interest transfer relating to the property at issue. The name of the assignee, "U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-SB5," suggests, but does not demonstrate, the mortgage loan on the property at issue had been pooled with others and securitized. (Emphasis sic.) (Ex. C.) And Exhibit D, the "Offering

Circular dated August 2, 2023," which Davis identifies as explaining the significance of Exhibit C, expressly only "relates to Pass-Through Certificates issued on and after August 2, 2023." This Offering Circular, by its own terms, does not "relate" to pass-through certificates issued before that date, including any issued in 2015. Consequently, we find Davis failed to submit sufficient evidence showing Freddie Mac securitized the mortgage loan on the property at issue. Therefore, we conclude Davis has not demonstrated plain error.

{¶ 11} Because Davis fails to demonstrate plain error, we overrule his sole assignment of error.

## IV. Disposition

{¶ 12} Having overruled Davis's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

EDELSTEIN and LELAND, JJ., concur.

_____