[Cite as *J.M.R. v. M.D.O.*, 2024-Ohio-5693.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [J.M.R.], | : | |
| Plaintiff-Appellant, | : | No. 24AP-67 |
| | | (C.P.C. No. 23JU-527) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [M.D.O.] et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 5, 2024

**On brief:** *The Law Offices of Kevin W. Zamora*, and *Kevin W. Zamora*, for appellant. **Argued:** *Kevin W. Zamora*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, J.M.R., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, denying his request to find that defendant-appellee, M.D.O., abandoned or neglected their minor children. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Appellant and appellee are the unmarried biological parents of two children, J.R.D., born May 2006, and E.R.D., born February 2008. In January 2023, appellant filed a complaint in the trial court for allocation of parental rights and custody. He requested an allocation of parental rights and responsibilities, sole custody of the two children, and a finding that appellee had neglected and abandoned the children. The matter was heard

before a magistrate in October 2023. The record before this court does not contain a transcript of the hearing.

{¶ 3} On December 27, 2023, the magistrate filed her decision recommending the trial court designate appellant as the sole residential parent and legal custodian of the parties' two children but deny appellant's request to find that appellee abandoned or neglected their children. Simultaneously, the trial court adopted the magistrate's decision and made it the judgment of the court. Appellant did not file any timely objections to the magistrate's decision. However, on January 25, 2024, he filed a notice of appeal from the trial court's judgment. The next day, he filed objections to the magistrate's decision. In June 2024, this court remanded the matter for the limited purpose of allowing the trial court to rule on appellant's objections. In July 2024, appellant notified this court that the trial court had overruled his objections, and this court then placed the appeal back on the court's active docket. The matter is now set for disposition.

## II. Assignments of Error

{¶ 4} Appellant assigns the following two assignments of error for our review:

> [I.] The trial court below erred to the prejudice of appellant [J.M.R.] by failing to hold that his children were abandoned and neglected by the appellee.

> [II.] The trial court below erred to the prejudice of appellant [J.M.R.] by approving and adopting the magistrate's decision before the appellant could object.

## III. Discussion

{¶ 5} For ease of analysis, we first address appellant's second assignment of error. In this assignment of error, appellant argues the trial court erred in adopting the magistrate's decision without giving him the opportunity to object. Thus, he challenges the timing of the trial court's adoption of the magistrate's decision. This assignment of error is not well-taken.

{¶ 6} Pursuant to Civ.R. 53(D)(4)(e)(i), the trial court may enter its judgment adopting, rejecting, or modifying a magistrate's decision, "either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired." And pursuant to Civ.R. 53(D)(3)(b)(i), "[a] party may

file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Therefore, regardless of when the trial court adopts, rejects, or modifies a magistrate's decision, any objections must be filed within 14 days of the filing of the magistrate's decision.

{¶ 7} Here, both the magistrate's decision and the trial court's judgment adopting that decision were simultaneously filed with the clerk. This is generally permitted under Civ.R. 53. *See Nyamusevya v. Nkurunziza*, 10th Dist. No. 22AP-713, 2023-Ohio-3263, ¶ 15 ("Absent evidence to the contrary, a trial court's statement that it conducted the appropriate review of a magistrate's decision, even when both decisions are filed with the clerk's office simultaneously, is sufficient."). Although legally proper, this court has been "reluctant to condone" this practice because it can create "unnecessary and easily averted confusion." *Id.* at ¶ 23. Nonetheless, such a simultaneous filing does not alter a party's opportunity to file timely objections to the magistrate's decision. *See id.* at ¶ 15; Civ.R. 53(D)(3)(b)(i). Therefore, we reject appellant's contention that the timing of the trial court's adoption of the magistrate's decision precluded him from timely filing objections to that decision.

{¶ 8} Accordingly, appellant's second assignment of error is overruled.

{¶ 9} Appellant's first assignment of error contends the trial court erred in not finding appellee abandoned and neglected their children. As to this assignment of error, appellant must demonstrate plain error because he did not timely object to the magistrate's decision. He does not meet this burden.

{¶ 10} If a party does not file timely objections to a magistrate's decision, the party waives all but plain error in any appeal. As required under Civ.R. 53(D)(3)(a)(iii), the magistrate's decision conspicuously indicates that a "party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion." "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R.

53(D)(3)(b)(iv). Thus, because appellant did not file any timely objections to the magistrate's decision, he has waived all but plain error on appeal.

{¶ 11} "In civil cases, courts apply the doctrine of plain error 'with the utmost caution.' " *Caballero v. Caballero*, 10th Dist. No. 22AP-450, 2023-Ohio-1006, ¶ 11, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). A " 'plain error' is one that is 'obvious and prejudicial although neither objected to nor affirmatively waived.' " *In re J.L.*, 10th Dist. No. 15AP-889, 2016-Ohio-2858, ¶ 60, quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982). "Courts will find that plain error has occurred 'only in the extremely rare case involving exceptional circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Caballero* at ¶ 11, quoting *Goldfuss* at syllabus.

{¶ 12} Here, appellant initiated this matter seeking the allocation of parental rights and responsibilities for J.R.D. and E.R.D. He requested the children remain in his care, and that he be named the legal custodian of the children. He also requested a finding that appellee abandoned and neglected their children. For custody disputes between parents, "Revised Code 3109.04 governs the trial court's award of parental rights and responsibilities." *August v. August*, 3d Dist. No. 5-13-26, 2014-Ohio-3986, ¶ 22. This statute "provides for options available to the trial court when allocating parental rights and responsibilities: 'primarily to one of the parents' (R.C. 3109.04(A)(1)), or 'to both parents' (R.C. 3109.04(A)(2))." *Id.* Pursuant to R.C. 3109.04(B)(1), when allocating parental rights and responsibilities for the care of children in an original proceeding, "the court shall take into account that which would be in the best interest of the children." The trial court, in applying R.C. 3109.04(B)(1) and determining J.R.D. and E.R.D.'s best interest, granted appellant's request to be named sole residential parent and legal custodian of the children. The trial court denied, however, appellant's additional request for a finding that appellee abandoned and neglected the children. Appellant argues the denial of this request was contrary to his unrebutted testimony. He asserts his unrebutted testimony that appellee abandoned and neglected the children established this fact, and that it was error for the trial court to conclude otherwise. We disagree.

{¶ 13} Because the record does not contain a transcript of the hearing before the magistrate, we cannot directly review the evidence presented at that hearing. But, in addressing appellant's request for a finding that appellee abandoned and neglected the children, the magistrate's decision states appellant was "asked by counsel simply if the children were abandoned and neglected by [appellee], to which [appellant] answered yes." (Mag.'s Decision at 2.) The magistrate further noted that "[n]o other testimony was offered or elicited. No examples of behaviors, acts or lack of action on [appellee's] part were offered." (Mag.'s Decision at 2.) The magistrate concluded that appellant's testimony was "insufficient to establish any factual findings to substantiate any acts on [appellee's] part that would support the findings." (Mag.'s Decision at 2.) Thus, the magistrate, in reasoning the trial court adopted, found that, in the absence of factual examples supportive of appellant's conclusory testimony, appellant did not demonstrate that appellee had abandoned or neglected the children.

{¶ 14} In support of his argument the trial court was required to accept his unrebutted testimony and make the requested finding, appellant cites the dissent in *Nelson v. Nelson*, 11th Dist. No. 2021-L-037, 2022-Ohio-658, which noted that "unrebutted testimony is of significant value." *Id.* at ¶ 74. He also cites the Supreme Court of Pennsylvania's decision in *McKnight Shopping Ctr., Inc. v. Bd. of Property Assessment*, 417 Pa. 234, 242 (1965), wherein that court stated: "Where that testimony is relevant and credible, it is entitled to be given weight; and unless it is rebutted, it must necessarily be accepted." We are unpersuaded. The quoted language from the dissent in *Nelson* is unremarkable on its own, and the *McKnight Shopping Ctr.*, case is from Pennsylvania. Moreover, those cases did not discuss circumstances involving conclusory testimony unsupported by any underlying factual examples, as found here. Therefore, appellant fails to show the trial court's stated basis for not making the requested finding presents an obvious error.

{¶ 15} Further, appellant fails to demonstrate any prejudice resulting from the trial court's decision to not find appellee had abandoned or neglected the children. As discussed above, appellant initiated this action seeking the allocation of parental rights and responsibilities for the care of the children. This request was governed by the standards set forth in R.C. 3109.04, which required the trial court to determine these rights and

responsibilities based on the "best interest" of the children. *Gonzalez v. Rodriguez*, 10th Dist. No. 17AP-136, 2018-Ohio-2410, ¶ 15; R.C. 3109.04(B)(1). In making this determination, the court must consider all relevant factors—which necessarily includes each parent's conduct—but the court is not required to make a specific finding as to whether a parent has abandoned or neglected a child. R.C. 3109.04(F)(1); *see Gonzalez*. And considering the trial court designated appellant as the sole residential parent and legal custodian of the parties' two children, appellant fails to show the trial court's decision not to find appellee had abandoned or neglected the children prejudiced him. We noted that, at oral argument before this court, appellant's counsel indicated this requested finding is important for federal immigration purposes, but counsel cited no law that required the trial court to make the finding in this matter. Thus, this undeveloped argument is unavailing. For these additional reasons, appellant has not demonstrated plain error.

{¶ 16} Because appellant fails to demonstrate plain error, we overrule his first assignment of error.

## IV. Disposition

{¶ 17} Having overruled appellant's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

BOGGS and LELAND, JJ., concur.